JOSEPH LANG v. WILLIAM BROS BOILER &
MANUFACTURING COMPANY.
MANUFACTURERS & MERCHANTS INDEMNITY COMPANY,
INTERVENOR.

85 N. W. (2d) 412.

October 4, 1957—Nos. 37,114, 37,115.

522

*Ryan, Kain & Mikan, William P. Westphal,* and *Durham, Swanson & Lasley,* for appellants.

*Robb, Robb & Van Eps,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court vacating and setting aside a dismissal of plaintiff's cause of action and declaring void a release signed by plaintiff.

Joseph Lang, an employee of Acme Transfer Company, was injured on May 31, 1955, when he was struck by a ladder which fell from the roof of a building adjacent to an alley where he was making a delivery. The ladder belonged to William Bros Boiler and Manufacturing Company, referred to hereinafter as Bros, which was doing some work on the building.

Manufacturers and Merchants Indemnity Company was insurer on workmen's compensation insurance carried by Acme. The insurer accepted the injuries of Lang as compensable and paid weekly compensation until November 30, 1955, amounting to $924, and medical benefits amounting to $776.65, making total payments of $1,700.65. Since November 30, 1955, insurer has made no further payments. From the date of discontinuance of such payments, Lang has incurred additional medical and hospital expenses amounting to $1,039.71, no part of which has been paid by the compensation carrier.

On February 14, 1956, the compensation carrier tendered to Lang for execution a "Final Receipt for Compensation." On advice of counsel, Lang refused to sign the receipt. On April 2, 1956, the compensation carrier filed with the Industrial Commission a "Notice of Discontinuance of Compensation Payments," stating "employer-insurer will discontinue weekly compensation and medical benefits in

this case on the 30th day of November, 1955." On April 17, 1956, Lang, through his attorneys, filed formal objection to the discontinuance of compensation payments, requesting that a hearing on the notice of discontinuance be postponed.

On August 18, 1955, Lang commenced an action for recovery of damages for the injuries sustained by him as a result of this accident, basing such action upon the alleged negligence of defendant, Bros. In this action he sought to recover damages in the sum of $175,000. Defendant interposed an answer in which it denied negligence and alleged that the accident was the result of an act of God. No contributory negligence of plaintiff is alleged. The case was placed on the calendar of the District Court of Hennepin County by filing a note of issue on September 2, 1955, to await trial in the regular order.

On May 4, 1956, the compensation carrier made a motion for leave to intervene in the action upon the ground that there was a conflict of interest between plaintiff and the compensation carrier by virtue of the notice of discontinuance of compensation payments filed by the compensation carrier with the Industrial Commission and the notice of opposition thereto filed by plaintiff. The court, over the objection of plaintiff, granted the motion for leave to intervene on July 24, 1956. On July 27, a complaint in intervention was served on Bros, but not on Lang, in which the compensation carrier, among other things, alleges the payments which theretofore had been made to plaintiff and also "that intervenor may be obliged to pay further such weekly compensation and medical and hospital expenses in the future." Its prayer for relief is:

"WHEREFORE: Intervenor prays that it have and recover a judgment against the defendant in the sum of $1,700.65 and in an additional amount equal to the total said benefits paid by Intervenor to or on behalf of plaintiff at the time of final entry of judgment herein over and above said sum of $1,700.65 already paid by Intervenor to this date as aforesaid together with its costs and disbursements in this action."

During the spring and summer of 1956, Lang and Bros carried on negotiations in an effort to settle the pending action. On August

21, 1956, these negotiations culminated in a settlement under which Bros paid Lang $18,500 for a general release of liability, and on the same day a release was executed and Bros delivered to Lang's attorneys two drafts, one for $1,700.65, representing the amount the compensation carrier had paid Lang, and one for $16,799.35, representing the balance of the settlement. Thereupon a dismissal of the action with prejudice was filed with the clerk of the district court on August 22, 1956. It is conceded that the settlement was made without the knowledge or consent of the compensation carrier.

After acceptance of the draft, Lang paid his attorneys a fee of $6,166.61. On September 8, 1956, Lang's attorneys transmitted to intervenor's attorneys a check for $1,134.04, representing the amount intervenor had paid to Lang in the sum of $1,700.65 less attorneys' fees of $566.61, which they deducted without the consent of intervenor, together with a final receipt for compensation executed by Lang and dated August 21, 1956.

On September 10, 1956, intervenor served its notice of motion asking for an order (1) vacating and setting aside the dismissal filed by Lang; (2) vacating and setting aside the release of liability executed by Lang; and (3) directing that the proceeds of the settlement be impounded and paid into court to await the trial of the issues framed by the original complaint and by the complaint in intervention. On October 2, 1956, the court made its order granting intervenor's motion. Lang then moved the court to vacate and modify that part of the order which requires the impounding of the money and that part of the order was vacated. Both Lang and Bros appealed from the order setting aside the dismissal of the action and vacating the release signed by Lang. Their claims here are the same, so they will be referred to jointly as appellants.

The questions presented for our consideration are: (1) What right did the compensation carrier have to intervene in the action? (2) What right does the employee have to settle an action brought against a third-party tortfeasor without the knowledge or consent of the compensation carrier who has paid compensation benefits to the employee? (3) Assuming that the employee has a legal right to settle the action against the third-party tortfeasor without the knowledge of

consent of the compensation carrier, what are the rights of the compensation carrier against such third-party tortfeasor subsequent to such settlement? (4) What right does the intervenor now have to continue the action?

■ Our statutory provisions governing the right of an employee to maintain an action against a third-party tortfeasor are found in M. S. A. 176.061, subd. 5,[1] which reads as follows:

"Where an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, that party being then insured or self-insured in accordance with this chapter, and the provisions of subdivisions 1, 2, 3, and 4 do not apply, or the party other than the employer is not then insured or self-insured as provided by this chapter, legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If the action against such other party is brought by the injured employee or his dependents and a judgment is obtained and paid and settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents after deducting costs, reasonable attorney's fees, and reasonable expenses incurred by the employee or dependents in making collections or enforcing liability. If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer, upon application the court may grant the employer the right to intervene in any such action for the prosecution thereof. If the injured employee or his dependents agree to receive compensation from the employer or insti-

---

[1] Section 176.061, subds. 1, 2, 3, and 4, govern the right of an employee to maintain an action against a third party where the employer and third party "are insured or self-insured and engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof." For a distinction as to that type of action and the one involved here, see Nyquist v. Batcher, 235 Minn. 491, 51 N. W. (2d) 566.

tute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages. If the action is not diligently prosecuted by the employer or the court deems it advisable in order to protect the interest of the employee, the court, upon application, may grant to the employee or his dependents the right to intervene in the action for the prosecution thereof. The employer shall pay over to the injured employee or his dependents all sums collected from such other party in excess of the amount of the compensation payable by the employer under this chapter, costs, reasonable attorney's fees, and reasonable expenses incurred by the employer in making the collection and enforcing the liability. Such party is not liable to any person other than the employee or his dependents for any damages resulting from the injury or death."

Under this statutory provision, when an action is commenced by an employee against a third-party tortfeasor, the employer may be permitted to intervene in the action "If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer."

There is no claim here that the action was not diligently prosecuted by the employee. However, under this statutory provision, the court is granted discretionary power to permit an employer to intervene if it appears that it is necessary to do so in order to protect the rights of the employer. At the time of the intervention here, it appears that there was enough of a conflict of interest so that it cannot be said that the trial court abused its discretion in granting the motion to intervene. The right to intervene in a case of this kind should be cautiously exercised in order that the rights of the employee may not be jeopardized, but the granting or denial of such motion involves a careful balancing of the rights of all interested parties, which must be left largely to the sound discretion of the trial court. Unless it appears that there has been an abuse of discretion, we should not interfere on appeal.

■ The main contention of the intervenor is that an employee who commences an action against a third-party tortfeasor may not settle such action or dismiss it with prejudice without the approval of the employer or, as here, its compensation carrier who has paid compensation benefits. On this question there is a great diversity of opinion.[2] Under our statute, the right to collect compensation and the right to maintain an action against a third-party tortfeasor are concurrent remedies, and it is not necessary to make an election, except as provided in § 176.061, subds. 1 to 4, inclusive, which are not involved here.

Some of the diversity in the decisions can be explained by differences in the statutes of the various states. In some states the statutes expressly provide that settlements cannot be made without the consent of the employer. Under these statutes it has been held that, if a settlement is made without the consent of the employer, the employee cannot recover compensation benefits[3] or that a settlement is void and binds no one.[4]

Our statute is silent on this subject. In states having statutes likewise silent as to the right of an employee to settle such case, generally one of the three following results has been adopted: (a) The employee cannot make a settlement without the consent of the employer who is liable for compensation;[5] (b) the employee may be allowed to make the settlement but is precluded thereafter from recovering compensation from the employer;[6] (c) in what appears to be a majority of

[2] 58 Am. Jur., Workmen's Compensation, § 336; 71 C. J., Workmen's Compensation Acts, § 1606; 2 Larson, Workmen's Compensation Law, § 73.22; 3 Schneider, Workmen's Compensation (Perm. ed.) § 838; Annotations, 19 A. L. R. 788, 27 A. L. R. 505, 37 A. L. R. 846, 67 A. L. R. 271, 88 A. L. R. 687, 106 A. L. R. 1056, 142 A. L. R. 191.

[3] Matter of Berenberg v. Park Memorial Chapel, 286 App. Div. 167, 142 N. Y. S. (2d) 345.

[4] Sinclair Oil & Gas Co. v. State Industrial Comm. 151 Okl. 228, 3 P. (2d) 438.

[5] Western Maryland Ry. Co. v. Employers' Lia. Assur. Corp. 163 Md. 97, 161 A. 5; Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S. W. (2d) 865, reversing (Tex. Civ. App.) 238 S. W. (2d) 835.

[6] White v. New Mexico Highway Comm. 42 N. Mex. 626, 83 P. (2d) 457.

the states, the employee is allowed to make the settlement, and still collect compensation, but the employer is not thereafter precluded from recovering from the third party the amount it must pay, in spite of the settlement.[7]

Underlying all these cases seems to run the general thought that the employer, having been given a right of indemnification for compensation paid, should not have such right affected by a settlement to which he is not a party. The ultimate result of all cases is either that the employee, having elected to settle a case against a third-party tortfeasor without the consent of the employer, is precluded from recovering further compensation from the employer or the employer is not precluded from proceeding against the third-party tortfeasor to recover payments made to the employee. Apparently the decisions which follow the rule that the employee cannot settle without the consent of the employer are based on the thought that such settlement will cut off the right of the employer to proceed against the third party. The vice of preventing settlement at all without the consent of the employer or his insurer is that the employee may then be put in a position where, against his will, he must face the uncertainties of a trial. While both employer and employee face the risk that the result of the trial will not equal the amounts offered in settlement or the amount which must be paid in compensation, the employee's burden probably is greater than that of the employer in that ordinarily the employee has no great resources upon which to rely if the gamble of a trial fails, whereas the insurer not only has greater resources but the case as to it is only one of many. We think that the latter rule is the fairest solution of this problem in order to protect the rights of all parties concerned. The rule of these cases is summed up in 2 Larson, Workmen's Compensation Law, § 73.22, as follows:

"* * * it can still be argued that he [the employee who gives a

---

[7]Benoit Coal Min. Co. v. Moore, 215 Ala. 220, 109 So. 878; Papineau v. Industrial Acc. Comm. 45 Cal. App. 181, 187 P. 108; Sweat v. Allen, 145 Fla. 733, 200 So. 348; Everard v. Woman's Home Companion Reading Club, 234 Mo. App. 760, 122 S. W. (2d) 51; Hugh Murphy Const. Co. v. Serck, 104 Neb. 398, 177 N. W. 747; Smith v. Yellow Cab Co. 288 Pa. 85, 135 A. 858; Doyle v. Teasdale, 263 Wis. 328, 57 N. W. (2d) 381.

release to a third party] may have prejudiced the employer by impairing his subrogation rights. However, in such jurisdictions it has usually been held that the settlement impaired neither the employee's compensation rights nor the employer's subrogation rights, on the theory that the third party has constructive statutory notice of the employer's subrogation interests, and must be held to know that he cannot evade his liability to the employer as subrogee by a settlement with the employee."

In other cases we have held that settlement by the plaintiff of a cause of action and dismissal of the action by plaintiff does not affect the intervenor's rights.[8]

Appellants rely on Patterson v. O'Neil, 151 Minn. 15, 185 N. W. 948. In that case, plaintiff, an employee of defendants, was injured while walking along a track belonging to the Chicago & North Western Railway Company. He recovered compensation from his employers under the Workmen's Compensation Act. In the meantime, he had made a settlement with the railway company, by which he received $450, and released that company from all claims on account of the injuries received. There was no question but that the amount so received was deductible from the compensation due from his employers, but the employers claimed that, by releasing the railway company, plaintiff had deprived them of their right of subrogation and thereby had relieved them of liability. In holding otherwise, we said (151 Minn. 19, 185 N. W. 949):

"* * * [The] statute clearly means that the employe may make a settlement with the third party and retain the right to collect from his employer any excess, payable under the act, over and above the amount actually received under the settlement. * * * And the provision subrogating the rights of the employe against the third party, cannot apply to those cases in which the employe, himself, has enforced his rights against such third party. The employer probably would not be bound by a settlement fraudulently or collusively made to deprive him of the benefit intended to him by the statute, but that question is not involved in this case."

---

[8]Scott v. Van Sant, 193 Minn. 465, 258 N. W. 817; Muirhead v. Johnson, 232 Minn. 408, 46 N. W. (2d) 502.

The statute in existence at the time the Patterson case was decided (G. S. 1913, § 8229[2]) read somewhat differently from our present statute dealing with this matter. As far as material here, it read:

"* * * if the action against such other party is brought by the injured employe * * * and judgment is obtained and paid, *or* settlement is made with such other party, *either with or without suit,* the employer shall be entitled to deduct from the compensation payable by him, the amount actually received by such employe * * *." (Italics supplied.)

The act was amended by L. 1953, c. 755, § 6, subd. 5, to read as follows:

"* * * If the action against such other party is brought by the injured employee * * * and a judgment is obtained and paid *and* settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee * * *." (Italics supplied.)

Our present statute is somewhat ambiguous. Why the disjunctive "or" between "paid" and "settlement" was changed to the conjunctive "and," and the words "either with or without suit" were deleted from the statute, we have no way of knowing. Use of the word "settlement," separated by the conjunctive "and" from the word "paid," in connection with obtaining a judgment seems to be wholly superfluous. If the judgment is paid, it would seem that it is also settled, and, conversely, if it is settled it would have to be paid. We do not think that the change manifests an intention on the part of the legislature to change the substance of the statute, nor need it be so construed here. The Patterson case does not determine the rights of the employer or the compensation carrier when a suit is settled by the employee. Some of the quoted language of that case may go too far. It is authority only for the proposition that such settlement may be made by the employee if it is not fraudulently or collusively made so as to deprive the employer of his rights of subrogation. The case probably is distinguishable from the one now before us on the ground that, in the Patterson case, the employer had not intervened or asserted his rights in any way, although failure to do so prior to a settlement, in the absence of

estoppel or laches, should not be held to bar such rights. It would seem that the question of the effect of a settlement by an employee upon the employer's subrogation rights was not adequately considered in the Patterson case.

We now hold, therefore, that, where an employee who receives compensation benefits under the Workmen's Compensation Act commences an action against a third-party tortfeasor under M. S. A. 176.061, subd. 5, he may settle such action with the third party without the consent of the employer or the employer's compensation insurance carrier but that such settlement does not affect the rights of the employer or compensation carrier to proceed against the third party the same as if such settlement had not been made.

■ Appellants finally contend that intervenor's action should now be dismissed because, having received full payment of all amounts paid by it under the Workmen's Compensation Act, as demanded in its complaint in intervention, it no longer has any interest in the litigation. Intervenor, on the other hand, contends that it is entitled to be subrogated not only to the extent of the amount paid but to the full extent of all amounts which may become payable in the future. In view of our decision above, the rights of the intervenor to recover for payments that become payable in the future in excess of the credit against such payments created by virtue of this settlement are not affected by the dismissal of the action. Involved in the question of the right of intervenor to continue the action, however, is the right of plaintiff to deduct from the amount tendered intervenor a share of the attorneys' fee consisting of one-third of the amount collected which it is claimed may be deducted from the amount intervenor has paid the employee. The total amount paid by intervenor to plaintiff as compensation benefits is $1,700.65. The amount tendered intervenor was $1,134.04, representing the amount paid by intervenor less an attorneys' fee of $566.61. In the affidavits contained in the record it appears that the attorneys for the employee, plaintiff herein, have been paid an attorneys' fee of $6,166.61, representing one-third of the total amount of the settlement of $18,500. On a petition for rehearing, it is now contended that said sum includes the attorneys' fee of $566.61 deducted from the amount paid by the employer and has not all

been charged against the employee's share of the settlement. Of course, under no circumstances should the attorneys be permitted to charge a double fee, deducting the amount both from the amount payable to the employee and the amount payable to the employer. Our statutes prior to the adoption of L. 1953, c. 755 (M. S. A. 1949, § 176.06, subd. 2), read as follows with respect to the right of the employer to deduct from compensation payable by him amounts collected by the employee from a third party:

"* * * the employer shall be entitled to deduct from the compensation payable by him the amount actually received by such employee * * * after deducting costs, reasonable attorney's fees and reasonable expenses incurred by such employee * * * in making such collections or enforcing such liability; * * *."

Under that statutory provision the employer would have been entitled to deduct the amount he has paid the employee without any deduction of attorneys' fees. The general rule is stated in 2 Larson, Workmen's Compensation Law, § 74.32, as follows:

"* * * If the sum recovered by the employee is more than enough to pay attorneys' fees and reimburse the carrier, the carrier is reimbursed in full, and is not required to share the legal expenses involved in obtaining the recovery. In other words, under the usual provision, the legal expenses diminish the over-all sum to which the insurer's claim attaches; but if it is possible to do so within that fund as diminished the insurer is entitled to be reimbursed in full. If reimbursement is not promptly made, the insurer may also be entitled to interest under the practice prevailing in the particular jurisdiction; * * *."

By the adoption of L. 1953, c. 755, § 6, our legislature added a new subdivision (M. S. A. 176.061, subd. 6), which reads as follows:

"As between employer and employee or his dependents, in all actions governed by this subdivision[9] the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability

---

[9]This term obviously refers to the previous subd. 5.

against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

Upon the petition for rehearing, appellant contends that by this subdivision the legislature intended to cast upon the employer the burden of standing a pro rata share of attorneys' fees incurred in collecting from the third party. After a reconsideration of the matter, we are inclined to agree. We think, however, that a determination of what is a reasonable attorneys' fee rests with the trial court and not with the employee's attorneys. The employer, intervenor here, had no part in making an agreement as to attorneys' fees existing between the employee and his attorneys. The employer should have a right to be heard in this matter unless the parties agree among themselves. Until that matter is determined, they have not been paid the full amount to which they are entitled. When that matter has been determined and the employer has been paid or tendered the amount it is entitled to receive, it will no longer have any interest in the case and the case then should be dismissed. Upon a remand, appellant may apply to the district court for a determination of and the right to deduct from the amount paid the employer a pro rata share of a reasonable attorneys' fee in accordance with § 176.061, subd. 6.

Reversed.

The opinion heretofore filed herein on July 12, 1957, is hereby withdrawn and this opinion filed in lieu thereof, and thereafter the petition for a rehearing is denied.