## THERESA S. CORDELL AND OTHERS v. CHANHASSEN AUTO BODY AND ANOTHER.

130 N. W. (2d) 362.

August 7, 1964—No. 39,256.

*Danforth & Allen,* for relators.
*Daniel S. Feidt, Robert I. Lang,* and *Roger A. Pauly,* for respondents.

FRANK T. GALLAGHER, C.

Certiorari to review an order of the Industrial Commission denying a motion of relators, Chanhassen Auto Body and The Home Indemnity Company, to vacate a previous order of the commission awarding benefits to the dependents of James Cordell, deceased former employee of Chanhassen.

The basic facts have been stipulated and incorporated in the order of the Industrial Commission determining the settled case. The decedent, James Cordell, sustained fatal injuries on November 29, 1962, arising out of and in the course of his employment with relator Chanhassen under a Minnesota contract of hire at a wage which would entitle his dependents to compensation at the maximum rate of $45 per week during dependency, not to exceed a total payment of $17,500. Decedent left as surviving dependents within the Workmen's Compensation Act his widow and four minor children ranging from 2 to 6 years of age. The dependent widow paid on behalf of the deceased employee medical and hospital expenses of $428.50 and burial expenses of $875.50. The employee's fatal injuries gave rise to a cause of action against a third party, which was compromised and settled for $22,500. After deducting from the $22,500 the sums of $177.69 costs, $7,500 attorney's fees, and the medical, hospital, and burial expenses referred to, totaling in all $8,981.69, the dependents received a net recovery of $13,518.31.

After the district court ordered distribution and settlement of the wrongful death action, the dependents requested the Industrial Commission's determination of the relators' liability, and the commission determined that attorney's fees and costs represented 34.12 percent of the total recovery against the third party and that in order for the

relators to obtain credit against their compensation liability they are obligated to pay a proportionate share of said fees and costs, amounting to $6,305.38, computed in the following manner:

$$\frac{18,478.50}{22,500.00} \text{ of } 7,677.69 = \$6,305.38\text{[1]}$$

The commission ordered relators to pay the $6,305.38 by a payment of $610.16 to the dependent widow representing their proportionate share of fees and costs on the compensation to April 3, 1963, and the medical expense and statutory burial allowance. It also required that they pay the dependents the further amount, at the rate of $15.35 per week, payments to be made at 26-week intervals in the sum of $399.10, to apply on their proportionate share of fees and costs incurred in making the recovery against the third party until the $6,305.38 has been paid (371 weeks to May 13, 1970).

Thereafter, the commission denied relators' request for vacation of the above order, and in a memorandum attached to its denial, the commission stated:

"The issue here is the method or formula for determining the proportionate share of attorney fees to be paid by a workmen's compensation insurer when it has subrogation rights in a so-called third party settlement or award in a court action. (Section 176.061, subd. 6, M. S. 1961.)

"The insurer contends that compensation payments must be suspended until the net amount of the recovery is exhausted. The dependents assert the proportionate share of the attorney fees can be paid, as the Commission ordered *on this particular case*, as the liability for dependency payments accrues.

"The alternative methods are discussed in the case of Tople v. Mar-

---

[1] The $18,478.50 represents the maximum liability of the relators, consisting of statutory maximum payments of $17,500 (Minn. St. 176.111, subd. 20) plus statutory medical expenses of $428.50 (§ 176.135) and statutory funeral expenses of $550 (§ 176.111, subd. 18). The $22,500 represents the recovery on the third-party action, and the $7,677.69 is the attorney's fees and costs.

shall Produce, 20 W. C. D. 359. In the instant case the number of minor children—four—all under the age of six years, makes it virtually certain that the maximum liability, $17,500, will be paid by the insurer. Therefore there is no compelling reason why the dependents should wait almost five years (248 weeks) until the compensation payments would be resumed.

"We are denying the insurer's petition for vacation of the April 23, 1963 order and are reaffirming the method of payment provided therein as the most equitable under the facts of this case."

Relators argue that they should not be required to pay benefits until the net third-party recovery is exhausted. They contend that the primary legal issue in this case involved the time and manner in which relators shall receive a credit when a third-party recovery has been made. As applied to them in this case, they claim that the question is whether or not they should be permitted to receive full credit for the $13,518.31 net third-party recovery hypothetically paid to the dependents at the rate of $45 per week, thereby permitting relators to suspend payments entirely for approximately 5 years and 40 weeks (September 1968) and thereafter resume payments at the rate of $45 per week until their remaining liability is paid, or whether they should be required to comply with the method of payment set out in the order of the commission referred to above. They claim that allowing a full credit for the net total recovery to the dependents, with a corresponding abatement of any further payments by the relators until said amount is exhausted, conforms with the Workmen's Compensation Act and the decisions of this court and the Industrial Commission. They cite Minn. St. 176.061, subd. 6, which provides:

"As between employer and employee or his dependents, in all actions governed by this subdivision the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

Relators state that it is significant in this case that the attorney's fees and all costs have been paid in full and that therefore § 176.061, subd. 6, has no application. They argue that had it not been for the full payment of attorney's fees and costs herein the dependents would have netted $22,500 (less burial and medical expenses above described) in the third-party action, and that relators would have no remaining legal obligation whatsoever for payment of benefits. They therefore contend that inasmuch as the attorney's fees and costs were paid in full, the corresponding net recovery to the dependents was less than the relators' total obligation under the Workmen's Compensation Act. They then claim that in accordance with § 176.061, subd. 6, they are not required to *pay* attorney's fees already paid but only to *bear* them. It is their position that the attorney's fees are "borne" by them "when they are deducted from the gross third party recovery, and the net third party recovery in turn deducted from the maximum statutory liability of relators to determine relators' remaining obligation." They argue that it is inaccurate to characterize the substance of this appeal as a question of the obligation of relators to bear their pro rata share of attorney's fees and costs because such fees and costs have in fact been paid in full, and the credit for the third-party recovery otherwise available to relators was reduced from $22,500 by payment of the attorney's fee of $7,500 and the costs of $177.69.

Relators contend that the key and important statute involved in this appeal is Minn. St. 176.061, subd. 5, which expressly provides in part as follows:

"* * * If the action against such other party is brought by the injured employee or his dependents and a judgment is obtained and paid and settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents after deducting costs, reasonable attorney's fees, and reasonable expenses incurred by the employee or dependents in making collections or enforcing liability."

It is their claim that the above statute clearly and simply provides the formula by which relators are to receive their credit for a third-party recovery, namely, "Total settlement, less costs, attorney's fees,

and reasonable expenses, leaving the 'amount actually received by * * * dependents,' which 'the employer may deduct from the compensation payable by him.' " They conclude that the order of the Industrial Commission should be modified to provide:

"1) for benefit payments by relators to dependents in the amount of $45 per week to begin after exhaustion of the net third party recovery at the rate of a credit of $45 per week;

"2) for a correction and reduction in the total remaining liability of relators herein from $6,305.38 to $4,960.19, a decrease of $1,345.19 (subject to a further reduction as specified in 3) below);

"3) for a further correction and reduction in the total remaining liability of relators herein in the amount of $325.50 (to reflect the deduction made by the Industrial Commission over and above the statutory burial allowance), so that the total remaining liability of relators is reduced from $4,960.19 to $4,634.69."

Respondents argue that the order of the Industrial Commission should be affirmed or the writ discharged because relators have set forth no assignments of error. They refer to Supreme Court Rule III (222 Minn. xxviii), which provides that upon certiorari to review a decision of the Industrial Commission briefs shall in all respects conform to Supreme Court Rule VIII (222 Minn. xxxii). Rule VIII (3) (e) provides: "Errors assigned shall be separately and concisely stated and numbered, without repetition * * *." This court has refused to consider or decide issues sought to be raised in argument in appellants' briefs but not assigned as specific errors. Estrada v. Hanson, 215 Minn. 353, 10 N. W. (2d) 223; 1 Dunnell, Dig. (3 ed.) § 358. Relators admit that they have not set forth assignments of error in their brief. They assert that respondents have made no claim that they are unable to argue or brief the issues. To the contrary, it is relators' position that respondents have already done so.

While we are not sanctioning review of cases not properly presented under our rules, we have held that we would consider a case on its merits to the extent that respondent answers appellant's arguments in his brief. Kuhlmann v. Educational Publishers, Inc. 245 Minn. 171, 71 N. W. (2d) 889; Erickson v. Mathwig, 226 Minn. 55, 31 N. W.

(2d) 918. In the instant case, notwithstanding their claim that there is nothing for our court to review, respondents proceeded in their brief to consider the issues which relators attempted to raise in their brief. Inasmuch as this case has already been argued before this court, we shall consider and decide it on the merits.

It is respondents' position that the Industrial Commission was correct in awarding payments at the rate of 34.12 percent of the amount of compensation payable by relators in the maximum amount of $18,478.50, with a maximum obligation for fees and costs of $6,305.38. They argue that the proper amount of relators' obligation is not to be determined by § 176.061, subd. 5, but by subd. 6.

It appears that the portion of subd. 5 relied upon by relators was first enacted in a slightly different form by L. 1919, c. 356, § 1, which provided the proper method of determining employer's credit upon a third-party recovery. In 1953 the legislature added subd. 6 by L. 1953, c. 755, § 6. It would seem clear that the legislature intended to change the existing rule when it enacted subd. 6 and that it puts upon the employer the obligation of paying that portion of attorney's fees and costs attributable to the amount claimed by the employer as a credit against his liability for compensation payable under the Workmen's Compensation Act.[2]

In general the rules of statutory construction require that in the event subdivisions are irreconcilable the subdivision latest in date must prevail. Minn. St. 645.26, subds. 2, 4; Gale v. Commr. of Taxation, 228 Minn. 345, 37 N. W. (2d) 711.

In Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 533, 85 N. W. (2d) 412, 420, this court, while considering the language of § 176.061, subd. 5, relied upon by relators, stated that under that provision the employer would have been entitled to deduct the amount he had paid the employee without any deduction of attorney's fees. Concerning the enactment of subd. 6, we stated:

"* * * by this subdivision the legislature intended to cast upon the

---

[2]In this case 34.12¢ for each $1 of credit claimed by respondents up to a total maximum of $6,305.38 as their share of attorney's fees and costs attributable to a total credit of $18,478.50.

employer the burden of standing a pro rata share of attorneys' fees incurred in collecting from the third party."

In Dockendorf v. Lakie, 251 Minn. 143, 156, 86 N. W. (2d) 728, 736, this court reaffirmed the holding in the Lang case, stating that subd. 6 revised and amended the rule with regard to costs and reasonable attorney's fees incurred in making collections from and enforcing liability against a third party and that it—

"* * * now casts upon the employer, in similar actions, the burden of standing a pro rata share of costs, reasonable attorney's fees, and reasonable expenses in enforcing liability against and collecting from a third-party tortfeasor."

In our opinion, under the facts and circumstances of this case, the Industrial Commission was correct in ordering the payments to be made by relators to commence immediately. We cannot agree with relators' position under the record here that the benefit payments to be made by relators to the dependents should not begin until after the exhaustion of the net third-party recovery. We have considered other arguments in connection with relators' claim concerning a correction and reduction in its total remaining liability, but we believe that the decision of the Industrial Commission is meritorious under the record here and should be affirmed.

Respondent is allowed $250 attorney's fees in addition to her costs and disbursements.

Affirmed.