RUSSELL M. QUARBERG v. LAUNDRY STORE SALES, INC., AND ANOTHER.

130 N. W. (2d) 340.

August 28, 1964—No. 39,146.

*Conrad J. Carr,* for relator.

*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for respondents.

OTIS, JUSTICE.

The only issue here raised is the amount to which an injured employee is entitled as reimbursement from his employer's subrogated compensation carrier for attorney's fees paid as a result of the employee's instituting a third-party action.

Relator, Russell M. Quarberg, was injured in the course of his employment and received compensation from respondent Hartford Accident & Indemnity Company in the sum of $9,475.37. Thereafter relator brought a common-law action against a third party to recover damages for the same injuries. The contract of retainer in those proceedings provided that the attorney was to receive one-third of any amount recovered. Two and one-half months later the same attorney agreed to represent the compensation carrier with respect to its subrogation claim for a contingent fee of 25 percent of the amount of its subrogation interest.[1] Thereafter the common-law action was settled for $55,000 from which amount was deducted and paid to the carrier its subrogation claim in the sum of $9,475.37, less 25 percent which was paid directly to the attorney. Over and above the workmen's compensation actually paid, it is agreed that an additional sum of $4,486.60 would be payable to the employee in benefits due from the compensation carrier but for the third-party action. The question is, what formula applies in determining the share of attorney's fees to be assumed by the compensation carrier for which the employee is entitled to reimbursement?

Prior to the adoption of Minn. St. 176.061, subd. 6,[2] an employee was obliged to assume all of the attorney's fees incurred in a third-

---

[1] In subrogation cases of this kind counsel should be particularly alert against the possibility of representing what may be the conflicting interests of the employee and the compensation carrier.

[2] Minn. St. 176.061, subd. 6, provides: "As between employer and employee or his dependents in all actions governed by this subdivision the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

party action of this kind, and the employer's compensation carrier received full subrogation without any deduction for attorney's fees. The statute now corrects that inequitable situation by requiring the compensation carrier to assume a proportion of the attorney's fees commensurate with the relation the subrogation claim bears to the entire recovery.

A majority of the Industrial Commission determined that the employee was entitled to reimbursement from the compensation carrier for the sum of $1,500.50 paid his attorney by the employee but allocable to the subrogation claim. In so doing the majority used as a numerator the unpaid potential liability of the compensation carrier, and as a denominator the balance of the amount due the employee after the original paid-in compensation benefits had been deducted, applying that fraction to one-third of employee's net recovery in the following manner:[3]

$$\frac{\$ \ 4{,}486.60}{\$45{,}524.63} \text{ of } \$15{,}255.30\text{: } \$1{,}500.50$$

The dissenting commissioner adopted a formula for which the employee here contends using as the numerator the total workmen's compensation benefits paid and to be paid, and as the denominator the en-

---

[3]The Industrial Commission formulas were based on the following figures:

| Carrier subrogation claim: | |
|---|---|
| Workmen's compensation paid before third-party action: | $ 9,475.37 |
| Workmen's compensation accruing after third-party action: | 4,486.60 |
| Total subrogation: | $13,961.97 |
| Total recovery third-party action: | $55,000.00 |
| Less subrogation due before action: | 9,475.37 |
| Net due employee: | $45,524.63 |
| 33⅓ percent attorney's fees and costs paid by employee: | $15,225.30 |

tire recovery in the third-party action, and applying that fraction to the same figure as the majority, which was the amount paid the attorney by the employee, reaching a quotient of $3,864.94, as follows:

$$\frac{\$13,961.97}{\$55,000.00} \text{ of } \$15,225.30: \$3,864.94$$

We believe there are a number of fallacies in the formula which relator urges on us. First, and decisively, no reason occurs to us why we should depart from the formula to which the employee and his attorney have agreed in applying the statute where the percentage is reasonable and the carrier has acquiesced in the retainer arrangements. Secondly, the proposed formula makes no allowance for the attorney's fees already paid by the compensation carrier and in effect saddles it twice with that expense. Third, the figure $15,225.30 does not take into consideration the additional sum of $2,365.06 paid the attorney by the carrier (an omission which militates against the employee, however). Lastly, the formula neglects to distinguish between the percentage charged the carrier and the percentage charged the employee for services rendered by the attorney.

Our disposition here is complicated by the fact that the attorney handling the third-party action is not a party to this litigation, and therefore is not bound by it. Nevertheless, we obliquely pass on his contracts in determining the correct formula to be applied. As we view the proceedings there is no occasion to deal with the fees of $2,365.06 already paid to the attorney out of the initial subrogation of $9,475.37. The only problem left is the determination of what share of the unpaid compensation benefits (amounting to $4,486.60) shall be paid by the carrier to the employee as attorney's fees incurred by it but assumed by the employee. As far as we can determine the employee has paid his attorney one-third of the entire settlement after deducting from the settlement the compensation benefits received. In our opinion the employee has actually overpaid the attorney with respect to the unaccrued compensation benefits since the attorney agreed to represent the carrier for 25 percent of its subrogation interest and not 33⅓ percent. Obviously the attorney cannot charge the employee one-third of

the entire recovery and in addition charge the carrier one-fourth of its share under the subrogation claim. Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 532, 85 N. W. (2d) 412, 420. Necessarily the agreement of the attorney to represent the compensation carrier for 25 percent relieved the employee of his obligation to pay 33⅓ percent on that part of the recovery representing the carrier's subrogation claim. However, inasmuch as the compensation carrier has acquiesced in the figure of 33⅓ percent as applied to the unpaid compensation benefits of $4,486.60, we arrive at a figure of $1,495.53, which is substantially the amount for which respondent contends. The award is therefore affirmed.

Affirmed.