KENNETH L. ANDERSON v. TWIN CITY LINES.

182 N. W. (2d) 193.

December 11, 1970—No. 42201.

*Feidt, Kuehn, Lewis & Kutcher* and *Edward A. Kutcher, Jr.,* for relator.

*Raymond O. Adel,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Rosengren, JJ.

12

CHESTER G. ROSENGREN, JUSTICE.*

This case is before this court for review on certiorari to the Workmen's Compensation Commission. The dispute concerns an order of the commission determining, under Minn. St. 1967, § 171.061, subd. 6, the respective obligations of employer and employee to pay attorney's fees and costs in a third-party recovery situation. We reverse the commission's decision and remand with instructions for modification of the order.

The material facts of this case are not in serious dispute. Kenneth Anderson, a bus driver for relator, Twin City Lines, while in the course of his employment, was injured in a collision with a truck on January 14, 1967. Separate legal actions against the owner of the truck were commenced by the employee for injuries suffered and by the employer for damage to the bus and for recovery of medical expenses and other benefits paid by it as a self-insured employer pursuant to the Workmen's Compensation Act. After joint negotiations, the employer and employee obtained from their common defendant a settlement of $45,000, $10,000 of which was paid to employer ($3,000 for property damage and $7,000 in settlement of a claim for $8,438.17 in benefits paid), and $35,000 of which was paid to employee. Throughout the settlement negotiations, employer and employee were represented by separate counsel, and at no time did employee's counsel purport to represent the employer's interest in the litigation. Indeed, it appears that there was a specific agreement between the attorneys that each would represent the interests of his own client, and in a subsequent letter to employer's attorney, the attorney for employee in effect ratified that arrangement by expressly stating "I do not intend to represent to * * * anyone that we represented your company in the settlement of this case except as a matter of convenience and as a conduit for the defendant's issue of a single draft."

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

Upon application to the Workmen's Compensation Commission, the commission issued an order determining the proportionate share of attorney's fees and costs. That order recited that employer had incurred workmen's compensation benefit liability as follows:

1. Healing period      $ 2,146.00
2. Permanent partial disability      3,937.50
3. Medical      6,292.17

$12,375.67

The commission then computed the employer's proportionate share of attorney's fees (as required by Minn. St. 1967, § 176.061, subd. 6) on the following basis:

$$\frac{\text{Benefit liability}}{\text{gross recovery}} \times \begin{array}{l}\text{Costs and attorney's} \\ \text{fees, computed with} \\ \text{reference to gross} \\ \text{recovery}\end{array} = \begin{array}{l}\text{Employer's} \\ \text{proportionate} \\ \text{share}\end{array}$$

or

$$\frac{\$12,375.67}{\$42,000.00 \ (\$35,000 + \$7,000)} \times \$14,202.35 = \$4,184.08$$

From that proportionate share the commission then deducted as a credit paid the amount by which employer's payments to date had exceeded its subrogation recovery in the settlement, thereby arriving at a net amount due to employee of $2,745.91 ($4,184.08 — $1,438.17).

Upon being notified that employee's attorney had not represented the employer on its subrogation claim, the commission's referee indicated in a letter to all interested counsel his intention to reduce the indicated proportionate share by computing that share on the basis of the net recovery ($35,000), with an attorney's fee computed in reference to that figure. Subsequently, however, that position was retracted and the original order was

reinstated. The employer appealed to the commission, which affirmed the referee's decision. Review by this court on certiorari under Minn. St. 176.471 was then sought.

Relator-employer asserts in essence that it was improper for the commission to assess against it a share of the fees charged by employee's attorney to the extent that those fees are charged as a percentage of the subrogation recovery for which relator had employed its own attorney. An examination of the statutory provision relating to apportionment of attorney's fees and of cases applying that provision corroborates relator's assertion.

The statute here applicable, Minn. St. 1967, § 176.061, subd. 6, has been amended by L. 1969, c. 199, § 2, but at the time of the proceedings in this case, the relevant subdivision provided as follows:

"As between employer and employee or his dependents, in all actions governed by this subdivision the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

This court has repeatedly stated that the purpose of this provision is to cast upon the employer the burden of assuming a pro rata share of costs, reasonable attorney's fees, and reasonable expenses in enforcing liability against and collecting from a third-party tortfeasor. Dockendorf v. Lakie, 251 Minn. 143, 156, 86 N. W. (2d) 728, 736; Lang v. William Bros. Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412; Cordell v. Chanhassen Auto Body, 269 Minn. 103, 110, 130 N. W. (2d) 362, 367; Quarberg v. Laundry Store Sales, Inc. 269 Minn. 213, 130 N. W. (2d) 340. None of these cases, however, involved any direct issue concerning the proper method by which a "pro rata" share should be determined. In Cordell, the commission had employed a formula

similar to that which ultimately was used in the instant proceedings. In that case, the propriety of that formula was not challenged for the issue involved was whether the employer had to pay its proportionate share immediately or whether under Minn. St. 1967, § 176.061, subd. 5, it could wait to make such payments until after the exhaustion of the net third-party recovery. This court affirmed the commission's determination that Minn. St. 1967, § 176.061, subd. 6, was applicable and that payments had to commence immediately.

In Quarberg, decided shortly after Cordell, the commission had utilized a formula rather similar to that for which employer has argued in the case at hand. The employee in that case argued that the proportionate share should be determined with reference to the gross recovery, including the subrogated amount, despite the fact that the employer and the employee's attorney had entered into a separate agreement respecting the subrogated amount. On the particular facts of that case, the court affirmed the decision of the commission, holding in part that the formula proposed by the employee "in effect saddles [the employer's compensation carrier] twice" with the expense for attorney's fees. 269 Minn. 213, 216, 130 N. W. (2d) 340, 343.

An examination of the case at hand suggests that to follow the approach here utilized by the commission would result in forcing employer to pay twice for its recovery of the subrogated interest. The facts of this case make clear—and the interested attorneys have so acknowledged in writing—that employee's attorney did not represent employer with respect to recovering the subrogated amount. Instead, employer's recovery of the $7,000 settlement of its subrogated claim was due to the efforts of its own attorney and occurred after the commencement of an independent action by employer. Hence, to require employer here to pay employee's attorney in proportion to a figure including the subrogation recovery would, in effect, place upon the employer a burden of double payment. The situation is thus analytically similar to that in Quarberg.

16

Consideration of what must have been the legislative intent behind the statutory provision here in question leads to the same result. It seems apparent that the provision in question was enacted in response to the seeming unfairness involved where an employee was forced to bear the entire burden of attorney's fees, even though the employer would benefit from the action, both by recovering amounts previously paid as compensation and by being relieved from the obligation to pay future compensation. The critical factor, therefore, appears to be the extent to which the employer is to benefit from the efforts of employee's attorney, and to that extent the employer rightly should bear a proportionate burden. In the case at hand, it is apparent that the employer's recovery of the subrogated amount did not accrue from the efforts of employee's attorney. Rather, the conclusion is inescapable that the benefit accruing to employer as a result of the subrogation settlement was attributable to the efforts of its own attorney.

Moreover, it should be noted at this point that because there was an agreement between employee's and employer's attorneys that each would be responsible for his separate interests, the fee of employee's attorney must be computed by reference to the $35,000 recovered for the employee and not to the $42,000 which includes the subrogated amount recovered by employer's attorney.

Over and above the amount recovered by subrogation, however, it is possible that employer has derived some benefit from its employee's recovery, and accordingly, ought to bear a proportionate burden of the attorney's fees relating to that benefit. That benefit stems from the fact that the employee's recovery will serve to offset liabilities which employer otherwise would have to satisfy through compensation payments. At the time of the commission's determination, that amount of employer's unpaid liability was $3,937.50 ($12,375.67 less benefits paid of $8,438.17). Therefore, it is submitted that the appropriate formula for this case is that suggested in Quarberg, namely:

$$\frac{\text{unpaid liability of insurer}}{\text{employee's net recovery}} \times \text{costs} + \text{reasonable attorney's fees} = \text{employer's proportionate share}$$

Applied to the amounts present in this case, the formula produces the following:

$$\frac{\$3,937.50 \times \$11,869.02 \ (1/3 \times [\$35,000 + \$202.35])}{35,000} = \$1,335.26$$

Thus, it appears that in order to reflect the benefit which employer has derived from the efforts of employee's attorney, employer must pay employee, as its proportionate share of attorney's fees, the sum of \$1,335.26.

We are not unaware that the figure indicated above differs from both of those urged by relator and respondent. But under Minn. St. 176.481, this court on review by certiorari is given broad powers to reverse, affirm, or modify decisions of the commission, and upon an examination of the law relating to the issues presented under the facts of this case, we are convinced that the approach indicated in Quarberg requires the above result. Under both the approach urged by the commission and that urged by relator, the employer is given on its apportioned share of attorney's fees a credit for the difference between its subrogated claim and the amount for which it, through its own attorney, obtained settlement. Since it has been determined that in the circumstances here presented it would be unfair to require employer to pay employee's attorney for benefits obtained by employer's own attorney, it seems only consistent to require that where an employer elects to use the services of his own attorney, he ought to live with his chosen settlement and not look to the employee to make up any difference between that settlement and whatever benefits have been previously paid. Therefore, it is ordered that the order of the commission be set aside and the matter remanded to the commission for modification in accordance with this opinion.

Reversed and remanded.