EUGENE MUNSON AND ANOTHER v. WYMAN NELSON,
SPECIAL ADMINISTRATOR OF ESTATE
OF HARRY LARSON.
MUTUAL CREAMERY INSURANCE COMPANY,
APPELLANT.

182 N. W. (2d) 709.

December 31, 1970—No. 42345.

*Nord, Webster & Brennan,* for appellant.

*King, MacGregor & Lommen,* for respondent Nelson.

*Johnson, Schmidt, Thompson, Lindstrom & Thompson,* for respondents Munson.

Heard before Knutson, C. J., and Murphy, Rogosheske, Peterson, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

Appeal from an order of the district court allocating attorneys' fees to be paid by a workmen's compensation insurer in an action by the insured to recover damages from a third party. We hold that the record presented on this appeal is not sufficiently complete for this court to render judgment on the matter, and the action is accordingly remanded to the district court for further proceedings in accordance with this opinion. The material facts of the case are as follows:

On November 29, 1967, a truck owned by Farm and Home Distributing Company, Inc., employer, and driven by Eugene Munson, employee, collided with a vehicle owned and driven by Harry Larson. Larson was killed in the accident, and Munson was seriously injured. Because Munson was in the course of his employment when the accident occurred, his employer's compensation insurer, Mutual Creamery Insurance Company, paid substantial amounts for medical bills and compensation.

Munson and his wife commenced a suit against the representative of the estate of Harry Larson and in that suit were represented by attorneys of their selection (hereinafter referred to as "Munson counsel"). A Mrs. Edna Strache had been a passenger in the Larson car and was also injured in the collision. She and her husband, Herbert, brought an action for damages against Munson, his employer, and the representative of the estate of Harry Larson. Because Mutual Creamery was the liability insurer for the truck as well as the workmen's compensa-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

tion insurer for Munson's employer, it had the duty to defend in the latter action, and for that purpose retained its own counsel (hereinafter referred to as "Mutual counsel"). The cases were consolidated for trial, and following intensive settlement negotiations involving Munson counsel, Mutual counsel, and the attorney for the representative of the estate of Harry Larson, a settlement agreement was reached in the Munson action. The terms of that settlement provided for payment of a gross sum of $40,000, $18,123.10 of which represented payment in full for Mutual's subrogated interest for the compensation payments made to Munson.

After the settlement agreement had been reached, Munson counsel notified Mutual that he expected to be paid $6,437.65 as attorneys' fees and costs out of Mutual's recovery of the subrogated interest. Mutual refused, and Munson counsel applied by petition to the district court for an order directing that he could retain that amount as attorneys' fees and costs, paying Mutual $11,685.45 for its subrogation recovery. The court issued an order granting the petition, and it is from that order that Mutual has appealed. Such additional facts as may be material appear in the discussion which follows.

In another case involving apportionment of attorneys' fees between employee and compensation insurer in an action for third-party recovery, this court recently held that where recovery of the insurer's subrogation interest is obtained through the efforts of the insurer's own attorneys, the insurer has no obligation under Minn. St. 1967, § 176.061, subd. 6, to share in the employee's attorneys' fees, and that the employee's attorneys' fees should be computed with reference to the employee's net recovery and should not include the insurer's subrogated amount. Anderson v. Twin City Lines, 289 Minn. 11, 182 N. W. (2d) 193. In that case it appeared that there was an agreement between the employee's and the insurer's attorneys that each was to be responsible for his own client's interests. The record presented in the instant case suggests that a court could reasonably

conclude that there was a similar understanding between the attorneys in the action for third-party recovery here involved. The district court in this proceeding did not pass on that question of fact, apparently construing Lang v. William Bros. Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412, to indicate that no such inquiry was necessary and that its conclusion was mandatory. In light of decisions of this court subsequent to Lang, however, it is clear that, at least with reference to recovery of subrogated interests, the employer or compensation insurer is under no obligation to share in the employee's attorneys' fees when recovery of such subrogated interest is obtained through the efforts of the employer's or insurer's own attorneys. See, Anderson v. Twin City Lines, *supra;* Quarberg v. Laundry Store Sales, Inc. 269 Minn. 213, 130 N. W. (2d) 340; Cordell v. Chanhassen Auto Body, 269 Minn. 103, 130 N. W. (2d) 362.

Thus, it is the decision of this court to vacate the order of the district court and to remand for determination of the issue of whether, with respect to the subrogation interest, the insurer was separately represented by its own attorneys. If, after factual inquiry, it is determined that the interest of the insurer was so separately represented and that counsel of the employee was not representing that interest, then employee's attorney is not entitled to the fee attributable to the subrogation recovery.

The factual determination required in this case may be made either in the district court in the proceedings out of which this appeal has arisen or in a separate declaratory judgment proceeding. Whichever method is used, it is clear that all persons interested in this dispute—attorneys, parties, insurers—should be made parties to any such action. Because it appears that the funds agreed upon in settlement are still being held by the Iowa National Insurance Company, liability insurer for the Larson vehicle, it is suggested that the appropriate course of action would be for that insurer to pay to the proposed recipients all sums agreed upon other than the amount of attorneys' fees in dispute. The agreed amount of such attorneys' fees should be

paid into court, as provided by statute, pending resolution of this dispute. Pursuant to such payments, the parties to the settlement could and should execute releases to the liability insurer. The order of the district court is therefore set aside and the matter remanded with directions for resolution in accordance with this opinion, either in the court below or in a separate proceeding.

Because of the nature of our disposition in this case, it is our judgment that no party to this appeal should recover costs and disbursements relating to it.

Remanded.