HARVEY COURTNEY, TRUSTEE FOR THE HEIRS OF
THOMAS P. FITZGERALD, v. SEBASTIAN BABEL
AND OTHERS, d.b.a. ROEHL TRANSFER.
WESTERN NATIONAL MUTUAL INSURANCE
COMPANY, APPELLANT.

198 N. W. 2d 566.

June 16, 1972—No. 43299.

*Raymond W. Fitch,* for appellant.

*Ekvall & Rasmussen* and *E. H. Rasmussen,* for respondent plaintiff.

*Powell & Dessert* and *Phillip D. Nelson,* for respondent defendants.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

WILLIAM D. GUNN, JUSTICE.*

In this action for death by wrongful act, the workmen's compensation carrier for decedent's employer appeals from an order refusing to vacate an order for the distribution of money recovered under Minn. St. 573.02 by way of settlement.

The action for death by wrongful act was originally filed in the District Court in Clearwater County on November 10, 1970, but a change in venue was granted moving the case to Hubbard County. That case was then dismissed without prejudice on February 5, 1971. On the same day, a new complaint relating to the same matter was filed in the United States District Court for the District of Minnesota at Fergus Falls. The Federal court case was announced as settled and dismissed on May 11, 1971. On May 17, 1971, upon application of the plaintiff-trustee in the third-party action, Judge James E. Preece of the Hubbard County District Court made an order for the distribution of the money recovered under Minn. St. 573.02. The settlement was for $25,000 and the order authorized attorney's fees to plaintiff's counsel for $\frac{1}{3}$ of this amount. Therafter appellant, Western National Mutual Insurance Company, workmen's compensation insurer for the employer of decedent, moved for an order vacating the order of May 17, 1971, which was denied. This appeal followed.

The decedent, Thomas P. Fitzgerald, was employed as director

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

of the Clearwater County Welfare Board at Bagley, Minnesota. In the early morning of October 9, 1970, while in the course of his employment, he was in an automobile accident, receiving injuries that caused his death on October 17, 1970.

On October 22, 1970, the attorney for decedent's heirs, now the attorney for plaintiff-trustee, wrote appellant informing it of an intent to proceed with an action for death by wrongful act against the third-party tortfeasors. Shortly thereafter, counsel for appellant sent a proposed agreement to plaintiff's attorney. This proposed agreement provided that plaintiff's attorney could handle the litigation and appellant's attorney would receive no attorney's fees out of the recovery. In return, the decedent's heirs were to give up their right to workmen's compensation unless the court determined that they were entitled to no recovery from the third-party tortfeasors. Plaintiff's counsel returned the agreement unsigned, probably because he deemed it unfair to decedent's heirs and because of features which appeared to make it void under Minn. St. 176.021, subd. 4.[1]

Appellant never intervened in either of the pending actions although it attempted to do so in the Federal court case after that case had been settled. However, both plaintiff and defend-

---

[1] The proposed agreement provided in part: "b) Mrs. Fitzgerald in behalf of herself and the surviving children and in behalf of the funeral and medical creditors hereby waive any past, present, or future right to Workmen's Compensation benefits whatsoever except as is outlined in (e) below, and Mrs. Fitzgerald and Mr. Rasmussen [plaintiff's counsel] will make no claim against Western National for expenses, fees, disbursements, or any attorney's fees arising out of the third party suit against the third party tortfeasor,

\* \* \* \* \*

"e) In the event at trial it is determined that Mrs. Fitzgerald, the surviving children, the medical creditors, and/or the funeral creditors are entitled to no recovery from the third party tortfeasor, this entire agreement is null and void and Mrs. Fitzgerald may make claim for Workmen's Compensation benefits in accordance with the Workmen's Compensation Laws of the State of Minnesota and subject to its provisions and limitations."

ants were on notice of appellant's interest in the case and its demand for subrogation. There were telephone conversations and correspondence between counsel, and on May 4, 1971, appellant objected to a settlement figure of $28,000 that was then being considered as inadequate. Appellant is, of course, a beneficiary of the settlement to the extent authorized by statute. See, § 176.061, subd. 6. The Workmen's Compensation Commission has made its order pursuant to Judge Preece's order and the above statute. Appellant argues that even though it did not attempt to intervene in the action until after settlement had been reached, it should have been allowed to proceed as if it were a party. It also contends that the settlement was improvidently low; that the plaintiff's attorney's 33⅓ percent contingent-fee arrangement with the plaintiff is unconscionable; and that plaintiff's counsel should not have been allowed attorney's fees for any sum representing appellant's subrogation interest.

The Workmen's Compensation Act allows an injured employee to bring suit against a party other than his employer who may be legally liable for his damages. Minn. St. 176.061, subd. 5, provides in part:

"* * * If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer, upon application the court may grant the employer the right to intervene in any such action for the prosecution thereof. If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages."

The statute makes it clear that appellant had the right to peti-

tion the court to intervene in the action as a party. The facts make it clear that it had ample opportunity to do so. Had it followed this course, it is probable that the petition would have been granted. However, appellant's failure to intervene may not be too significant in view of the decision of this court in Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. 2d 412 (1957), except that appellant would then have had an opportunity to protect itself on the issue of attorney's fees, which appellant's counsel in oral argument said is the principal issue in this appeal.

1. The first issue is whether an employee or his dependents may enter into a settlement with defendant in an action against a third-party tortfeasor, where workmen's compensation is involved, without the consent, or even against the wishes, of the employer or its insurance carrier. This question was answered by this court in the Lang case. There, plaintiff employee and defendant third-party tortfeasor appealed an order of the trial court vacating a dismissal of plaintiff's cause of action and declaring void a release signed by plaintiff. In Lang, as in this case, plaintiff and defendant third-party tortfeasor entered into a settlement without the knowledge or consent of the workmen's compensation carrier.

In Lang, the compensation insurance carrier was permitted to intervene shortly before the settlement and dismissal occurred. In this case, no application to intervene was made before the case was settled. Except for this, the question presented in the Lang case was essentially the same as the question here. In Lang, after an extensive analysis of the issue and consideration of applicable authorities, this court said (250 Minn. 531, 85 N. W. 2d 419):

"We now hold, therefore, that, where an employee who receives compensation benefits under the Workmen's Compensation Act commences an action against a third-party tortfeasor under M. S. A. 176.061, subd. 5, he may settle such action with the third party without the consent of the employer or the em-

ployer's compensation insurance carrier but that such settlement does not affect the rights of the employer or compensation carrier to proceed against the third party the same as if such settlement had not been made."

Unless the decision in the Lang case is to be overruled or modified, the decision of the trial court in the instant case must be affirmed.

2.  Appellant, relying upon Quarberg v. Laundry Store Sales, Inc. 269 Minn. 213, 130 N. W. 2d 340 (1964) ; Anderson v. Twin City Lines, 289 Minn. 11, 182 N. W. 2d 193 (1970); and Munson v. Nelson, 289 Minn. 99, 182 N. W. 2d 709 (1970), argues that it was entitled to representation in the action against the third-party tortfeasor under Minn. St. 176.061 and to employ and use its own attorney to represent its subrogation interest in that case. We do not disagree with this statement. The statute and case law provide vehicles whereby such objectives may be obtained. Here, however, appellant did not take advantage of the opportunity to petition to participate in and become a party to the proceeding.

In substance and so far as material to the issue presented, the cases relied upon by appellant hold that in an action brought against a third party by an injured employee, the employee's attorney has no right to a fee for the subrogation recovery by the workmen's compensation insurer if that recovery was attributable to the efforts of the insurer's own attorney and if there was an understanding or agreement between the respective attorneys that each should represent the interests of his respective client. Here, there was no such agreement and on the record we cannot say that recovery of the subrogation interest was in any substantial way attributable to the efforts of appellant's own attorney.

Other points advanced by appellant have little merit. The question of adequacy of the settlement presents at best an issue of judgment. The contingent attorney's fees were in the usual sum

for cases of this kind and they had the approval of the trial court. We cannot say that they are unconscionable.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.