Glennie STEPHENSON, Respondent,

v.

Webster C. MARTIN, M. D., et al., Relators.

No. 47401.

Supreme Court of Minnesota.

Nov. 4, 1977.

Ochs, Larsen, Klimek & Olson and William R. Pederson, Minneapolis, for relators.

Friedman & Nord, Newton S. Friedman and Craig W. Monen, Duluth, for respondent.

PER CURIAM.

Certiorari on the relation of Dr. Webster C. Martin and his compensation insurer to review a decision of the Worker's Compensation Court of Appeals denying their petition for reimbursement from the proceeds of a third-party settlement for sums paid Glennie Stephenson and her medical creditors pursuant to an award based on stipulation. We affirm.

Employee was injured in an allegedly work-related accident on December 29, 1966. She brought an action against a third party for negligence and also filed a claim petition against relators in December 1972. They denied liability, but in April 1975, after extensive negotiations, the parties executed a stipulation for settlement which recites the existence of the employment relationship and the amount of employee's weekly wage, her claims that her injury was work related and that she sustained at least a 15-percent permanent partial disability of her back, relators' denial of knowledge or statutory notice of injury, and relators' denial that employee sustained permanent disability. The stipulation also states that the parties have "reached an agreement for amicable settlement of their differences," that they desire "to compromise and waive their differences to a formal hearing," and that relators "will pay and the employee will accept in full, final and complete settlement [of] claims [for] temporary partial disability, temporary total disability and permanent partial disability to date and to the extent of the dispute herein" the sum of $2,799.83 for 52.5 weeks of permanent partial disability, based on a 15-percent permanent partial disability of the back, and medical debts of about $700.

Although drafted by relators' counsel, the stipulation does not mention either the third-party action or a right of subrogation. He forwarded the agreement to employee's counsel with a letter stating in part:

"You are further formally put on notice that all of our payments made to the employee herein are subject to reimbursement claim from the third party * *."

This letter is not in the file returned to this court although a copy allegedly was sent to the compensation judge. He did not refer to it in his orders, nor did the Worker's Compensation Court of Appeals refer to it in its decision.

An award approving and incorporating the stipulation was subsequently entered. The award provided that when proof of payment had been filed with the Worker's Compensation Division it would constitute a full, final, and complete settlement of employee's claims "to the extent of the dispute herein," that relators were to continue to furnish employee further necessary medical treatment, and that employee's claim petition was dismissed.

On May 15, 1975, employee settled the third-party action for $10,200. Relators then sought reimbursement of the amounts paid pursuant to the award. Employee resisted on the ground that the stipulation had settled all claims between the parties arising out of the Worker's Compensation Act with the exception of future medical expenses. The issue was submitted to the same compensation judge, who determined that relators were not entitled to subrogation because the payments they had made were based on a denial of primary liability. On appeal, the Worker's Compensation Court of Appeals affirmed, saying that there had never been a determination by a compensation judge nor an admission by relators that compensation was payable and that without such a determination or admission relators have no statutory right of subrogation. A second ground for the compensation court's decision was that relators had waived their right of subrogation by entering the stipulation without reserving the right.

■ We have concluded that relators' initial denial of primary liability for compensation does not furnish a basis for denying them subrogation. Minn.St.1967, § 176.061,

subd. 5, the statute according the right of subrogation at the time employee was injured, provided:

"Where an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, that party being then insured or self-insured in accordance with this chapter, and the provisions of subdivisions 1, 2, 3, and 4 do not apply, or the party other than the employer is not then insured or self-insured as provided by this chapter, legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If the action against such other party is brought by the injured employee or his dependents and a judgment is obtained and paid and settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents after deducting costs, reasonable attorney's fees, and reasonable expenses incurred by the employee or dependents in making collections or enforcing liability. If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer, upon application the court may grant the employer the right to intervene in any such action for the prosecution thereof. If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages. If the action is not diligently prosecuted by the employer or

the court deems it advisable in order to protect the interest of the employee, the court, upon application, may grant to the employee or his dependents the right to intervene in the action for the prosecution thereof. The employer shall pay over to the injured employee or his dependents all sums collected from such other party in excess of the amount of the compensation payable by the employer under this chapter, costs, reasonable attorney's fees, and reasonable expenses incurred by the employer in making the collection and enforcing the liability. Such party is not liable to any person other than the employee or his dependents for any damages resulting from the injury or death."

The compensation court held that payments made by employers are compensation payable within the meaning of § 176.061, subd. 5, only if the employer makes an admission of his liability for compensation or if that liability is determined after contest of the issue. Section 176.061, subd. 5, did not require such an admission or quasijudicial determination, and to construe the provision as doing so ignores its language, as well as Minn.St. 176.011, subd. 8, which defines "compensation" as including "all benefits provided by this chapter on account of injury or death," and Minn.St. 1974, § 176.521, which authorized awards based on stipulation at the time the award was issued. Section 176.521 provided in part:

"Subdivision 1. An agreement between an employee or his dependent and the employer or insurer to settle any claim, which is not upon appeal before the commission, for compensation under this chapter is valid where it has been executed in writing and signed by the parties, and the division has approved the settlement and made an award thereon. If the matter is upon appeal before the commission, the commission is the approving body.

"Subd. 2. Settlements shall be approved only where the terms conform with this chapter.

"The division and the commission shall exercise discretion in approving or disapproving a proposed settlement.

"The parties to the agreement of settlement have the burden of proving that the settlement is reasonable, fair, and in conformity with this chapter."

By reason of this statute, when the compensation judge approved the stipulation and issued the award thereon, he validated the parties' agreement that employee's medical creditors be paid the sums specified in the stipulation and that employee should receive a sum described therein as "representing 52.5 weeks of permanent partial disability," which amount was also referred to as "the aforementioned payment of compensation."[1] The award placed upon relators the obligation of making these payments as well as a payment to the Special Compensation Fund "representing 2% of the compensation awarded as permanent partial disability." It seems clear that these obligations are compensation payable under Minn.St. c. 176, in spite of relators' initial denial of liability.

We hold, however, that the compensation court properly determined that relators waived their right of subrogation by entering into the stipulation for settlement. Waiver has been defined as an intentional relinquishment of a known right, and while both knowledge and intention are essential elements, the knowledge may be actual or constructive and the intention can be inferred from conduct. *Carlson v. Doran*, 252 Minn. 449, 456, 90 N.W.2d 323, 328 (1958); *Alsleben v. Oliver Corp.*, 254 Minn. 197, 203, 94 N.W.2d 354, 358 (1959). It is also well established that, except as limited by public policy, a person may waive a statutory right. 20 Dunnell, Dig. (3 ed.) § 10135. In this case, relators had actual knowledge of their right but entered into an unambiguous stipulation in which they

1. The present statute, Minn.St. 176.521, also requires approval of the Compensation Division or, on appeal, of the Worker's Compensation Court of Appeals, and the issuance of an award thereon before a settlement agreement is valid.

agreed to make specified payments to the medical creditors and to employee "in full, final and complete settlement" of disability claims. Relators did not expressly reserve a right to claim subrogation in the stipulation, and it is obvious that if they can now assert that right against employee's third-party recovery, the parties' expressed intent with respect to the payments specified in the stipulation and ordered by the award thereon will be defeated. As we stated in *Donnay v. Boulware*, 275 Minn. 37, 43, 144 N.W.2d 711, 715 (1966)—

> " * * * We cannot assume that the parties intended to enter into a contract which was unjust or that either party assumed that he would secure an advantage not clearly expressed in its terms."

Accordingly, the intention to waive their right of subrogation is reasonably to be inferred from relators' conduct in assenting to the terms of the stipulation and in failing to make an express reservation of the right therein.

In spite of the terms of the stipulation, relators insist that the letter sent to employee's counsel proves they did not intend to relinquish their right of subrogation. The stipulation for settlement is unambiguous, however, and was adopted by the parties as a final and complete expression of their agreement to compromise employee's compensation claim (except as to future medical expenses). The letter was not presented to the compensation judge as a part of the stipulation which he approved, and there is no evidence that he was aware of relators' statement therein that the payments were to be "subject to reimbursement claim from the third party." [2] We do not think that the reservation contained in the letter should now be permitted to vary the terms of the parties' settlement. Cf. *Welch v. Arthur A. Fogarty, Inc.*, 157 Conn. 538, 255 A.2d 627 (1969), where testimony showing that the employee's understanding was that contrary to the terms of the stipulation for settlement, the employer-insurer would be reimbursed from the proceeds of the employee's recovery against a third party was held inadmissible.

Employee is allowed $350 attorneys fees.

Affirmed.

OTIS and WAHL, JJ., took no part in the consideration or decision of this case.

---

2. We do not approve the apparent lack of professional courtesy and candor suggested by the failure of employee's counsel to communicate agreement or disagreement with this statement to relators' counsel upon receiving the letter, but we do not think that employee should be punished for her counsel's conduct. It is possible that the compensation judge would not have approved the stipulation if it had contained a reservation of the right of subrogation.