**Patricia J. PAINE, Widow of Marshall S. Paine, Deceased, Respondent,**

v.

**WATER WORKS SUPPLY CO., et al., Relators.**

No. 47854.

Supreme Court of Minnesota.

July 7, 1978.

726

See also 243 N.W.2d 156.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, M. J. Coyne and Gary Hagstrom, Minneapolis, for relator.

Schiefelbein & Greenberg, Minneapolis, for respondent.

Heard before ROGOSHESKE, TODD, and YETKA, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

This certiorari appeal by an employer-insurer from a decision of the Workers' Compensation Court of Appeals concerns again the difficult and perplexing problem of the relationship among employers, employees, and third-party tortfeasors under provisions of the Workers' Compensation Act. Specifically, the question raised is whether, under Minn.St. 176.061, subd. 5, an employer-insurer is entitled to deduct from compensation dependency benefits payable to a widow an allocation of the amount she received in settlement of a third-party tortfeasor action against a vendor of intoxicating liquor under the Dram Shop Act, Minn.St. 340.95. For the reasons which follow, we hold that the employer-insurer is entitled to such deduction and reverse the court of appeals.

Employee, Marshall S. Paine, was killed in an automobile accident on February 7, 1974. In April 1974, his widow, Patricia J. Paine, instituted two proceedings: (1) A claim for dependency benefits under the Workers' Compensation Act upon allegations that the decedent met death arising out of and in the course of his employment, and (2) a dram shop action against The Baron and its owners under Minn.St. 340.95

for loss of property and means of support, including allegations of common-law negligence. Both claims were disputed. The workers' compensation claim was joined, heard, and denied by a compensation judge in January 1975 on the ground that employee's death was not work-related. In April 1975, while the widow's appeal to the court of appeals was pending, she settled the dram shop action for $36,000 and executed a general release of all claims or causes of action against The Baron and its owners. The court of appeals thereafter heard and, in July 1975, reversed the compensation judge, awarding the widow dependency benefits against employer-insurer. Upon the latter's appeal, we affirmed the award. *Paine v. Water Works Supply Co.,* 309 Minn. 549, 243 N.W.2d 156 (1976). Thereafter, employer-insurer petitioned the worker's compensation division to credit a portion of the dram shop settlement against employer's compensation liability as provided by § 176.061, subds. 5 and 6.[1] The compensation judge awarded a credit of $14,-941.56, computed in accordance with the formula set forth in § 176.061, subd. 6. Upon the widow's appeal, the court of appeals held that the employer-insurer was not entitled to a credit by way of subrogation to the widow's claim. Employer-insurer appeals.

The question of whether employer-insurer is entitled to allocation of the widow's settlement requires a review of the law governing the subrogation rights of employer and compensation insurer in actions against a third-party tortfeasor.

Under § 176.061, subd. 5,[2] employer and its compensation insurer are subrogated to the widow's rights against the third-party liquor vendor to the extent of the aggregate amount of employer's compensation liability. *Enghusen v. H. Christiansen & Sons, Inc.,* 259 Minn. 442, 107 N.W.2d 843 (1961). According to the statute, either the widow or the employer is entitled to pursue an action upon those rights against the liquor vendor. The proceeds received in judgment or settlement of all claims in which employer has a subrogation interest are to be divided between employer and the widow according to the formula set forth in § 176.061, subd. 6.[3] The

---

1. The record does not disclose the amount of compensation benefits which have been paid.

2. Minn.St. 176.061, subd. 5, provides: "Where an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, that party being then insured or self-insured in accordance with this chapter, and the provisions of subdivisions 1, 2, 3, and 4 do not apply, or the party other than the employer is not then insured or self-insured as provided by this chapter, legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If the action against such other party is brought by the injured employee or his dependents and a judgment is obtained and paid or settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents in accordance with subdivision 6. If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer, upon application the court may grant the employer the right to intervene in any such action for the prosecution thereof. If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. *This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages.* If the action is not diligently prosecuted by the employer or the court deems it advisable in order to protect the interest of the employee, the court, upon application, may grant to the employee or his dependents the right to intervene in the action for the prosecution thereof. *The proceeds of such action or settlement thereof shall be paid in accordance with subdivision 6.* Such party is not liable to any person other than the employee or his dependents for any damages resulting from the injury or death."

3. Section 176.061, subd. 6, provides: "The proceeds of all actions for damages or settlement thereof under section 176.061, received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:

"(a) After deducting the reasonable cost of collection, including but not limited to attor-

third-party liquor vendor is liable upon all such subrogated claims only for damages sustained by the employee and therefore only once. Where the employee or his dependent maintains an action against a third-party tortfeasor upon claims to which the employer is subrogated and settled such action without notifying the employer, we have recognized that the employer is entitled to credit a portion of the settlement proceeds against its compensation liability, and to the extent the employer's subrogation claim exceeds the credit against compensation payments created by the settlement, its rights under subd. 5 to maintain an independent action against the third party are not cut off by the settlement. *Modjeski v. Federal Bakery of Winona, Inc.,* 307 Minn. 432, 240 N.W.2d 542 (1976) (credit against compensation liability created by settlement of wrongful death action against third party); *Lang v. William Bros Boiler & Mfg. Co.,* 250 Minn. 521, 85 N.W.2d 412 (1957) (reimbursement for compensation payments out of the employee's settlement with third-party tortfeasor, recognizing the employer's right to continue subrogation action against the third party). The employer has the option to forego an independent action and accept only the credit out of the employee's settlement of its subrogated claims against the third party in full or partial satisfaction of its subrogation rights. *Modjeski v. Federal Bakery of Winona, Inc. supra.*

■ It is also well established that the employee or his dependent has a right to settle independent claims against a third party to which the employer is not subrogated without subjecting the proceeds of such a settlement to the statutory credit in satisfaction of the employer's subrogation interests, so long as the employer's right to continue an independent subrogation action against the third party remains unaffected. *Naig v. Bloomington Sanitation,* Minn., 258 N.W.2d 891 (1977); *Liberty Mut. Ins. Co. v. Nutting Truck & Caster Co.,* 295 Minn. 211, 203 N.W.2d 542 (1973). In *Naig v. Bloomington Sanitation, supra,* we held that the employer was not entitled to a credit against compensation liability out of an employee's settlement with a third-party tortfeasor where (a) the employer had notice of the settlement negotiations, (b) the settlement compensated only damages to the employee which are not cognizable under the Workers' Compensation Act and are therefore not subject to subrogation by the employer, and (c) the employer's right to maintain an independent action to the full extent of its subrogated claims against the third party were preserved by the third party's admission that the settlement encompassed none of the employer's subrogated interest.

Employer-insurer contends that, under the plain language of § 176.061, subds. 5 and 6, as applied to a wrongful death action settlement in *Modjeski v. Federal Bakery of Winona, Inc., supra,* part of the settlement of the widow's dram shop action must be credited against compensation liability in satisfaction of employer's subrogation rights against the liquor vendor.

The widow urges that the determination of the court of appeals disallowing any credit out of her dram shop settlement should be upheld. Her arguments are essentially three. (1) The settlement of a dram shop action should never be subject to a credit against compensation liability un-

---

neys fees and burial expense in excess of the statutory liability, then

"(b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.

"(c) Out of the balance remaining, the employer shall be reimbursed in an amount equal to all compensation paid under chapter 176 to the employee or his dependents by the employer less the product of the costs deducted under clause (a) divided by the total proceeds re-

ceived by the employee or his dependents from the other party multiplied by all compensation paid by the employer to the employee or his dependents.

"(d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future.

"There shall be no reimbursement or credit to employer for interest or penalties."

der § 176.061, subd. 5, because the employer has an independent cause of action against the liquor vendor under § 340.95,[4] and settlement of the employee's action against the liquor vendor therefore does not cut off any of the employer's right to maintain an independent subrogation action against the vendor. (2) The elements of damages compensated in the widow's dram shop recovery are not cognizable under the Workers' Compensation Act and employer had notice of the settlement, so that under our holding in *Naig v. Bloomington Sanitation, supra*, the settlement proceeds should not be subjected to any credit against compensation liability. (3) In *Milbank Mutual Ins. Co. v. Kluver*, 302 Minn. 310, 225 N.W.2d 230 (1970), we held that an uninsured-motorist insurance carrier may not claim a credit against its insurance liability for proceeds received by the insured in a dram shop settlement with a third party where the insured had not recovered to the full extent of her losses. By analogy, no credit should be allowed against worker's compensation liability unless the widow has been fully compensated for her losses. We do not agree that any of these arguments mandates denial of the statutory credit against employer's compensation liability.

■■■■ 1. While an employer or a compensation insurer may maintain an action in its own name against the vendor of intoxicating liquor under § 340.95,[5] § 176.061, subd. 5, specifically provides that, as to claims by an employee against a third party to which the employer may be subrogated, "[s]uch [third] party is not liable to any person other than the employee or his dependents for any damages resulting from the injury or death." It is clear that the

purpose of this provision is to assure that the third-party tortfeasor is liable no more than once for the same elements of damages arising out of an employee's injury or death, despite the employer's independent subrogation rights against the third party created under § 176.061, subd. 5. It is also clear that § 176.061, adopted after the enactment of the Dram Shop Act in Minnesota, is controlling in actions where a credit against compensation liability is at issue. Section 176.061, subd. 2, clearly provides:

> "If the employee, in case of injury, or his dependents, in case of death, brings an action for the recovery of damages, the amount thereof, the manner in which, and the persons to whom the same are payable, shall be as provided in this chapter. In no case shall such party be liable to any person other than the employee or his dependents for any damages resulting from such injury or death."

Giving effect to § 176.061, the provisions of § 340.95 may not be construed to create double liability by a third-party liquor vendor to both the employee's widow and the subrogated employer or compensation insurer upon the widow's claims arising out of her loss of support due to the employee's death. To the extent the widow's settlement includes and compensates the employer's subrogation claims, § 176.061 precludes the employer from again recovering upon those claims against the third party.[6] To the extent subrogated claims are compensated by the widow's settlement, the employer's subrogation interest must be satisfied out of the settlement proceeds, for the third party is liable for those damages only to the employee or his dependent. The settlement of a dram shop action is to be treated no differently under § 176.061 than

---

4. Section 340.95 provides in part: "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling or bartering intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

See, *Village of Brooten v. Cudahay Packing Co.*, 291 F.2d 284 (8 Cir. 1961).

5. See, footnote 4, *supra*.

6. If the employer was not notified of the settlement negotiations, as employer-insurer alleges, it would not be precluded from maintaining an independent action upon subrogated claims which exceed those compensated in the settlement. *Lang v. William Bros Boiler & Mfg. Co.*, 250 Minn. 521, 85 N.W.2d 412 (1957).

a settlement of any other cause of action against a third-party tortfeasor.

2. We find unpersuasive the argument that the widow's dram shop settlement compensated damages not cognizable under the Workers' Compensation Act. She is to receive worker's compensation dependency benefits measured by a percentage of her husband's daily wage under § 176.111 in order to compensate her for loss of her means of support. Loss of means of support is also precisely the element of damages compensated to a widow under the Dram Shop Act.[7] The widow argues that she could receive dram shop compensation only for an actual reduction in her standard of living after her husband's death. That restrictive measure, however, is controlling only where the lost means of support was provided by a minor child or other nonbreadwinner. 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II, 451G–S and Comment. See, e. g., *Bundy v. City of Fridley*, 265 Minn. 549, 122 N.W.2d 585 (1963); *Herbes v. Village of Holdingford*, 267 Minn. 75, 125 N.W.2d 426 (1963). Damages recoverable under § 340.95 for loss of the support of a breadwinner such as a spouse are measured with reference to the earnings of the decedent, just as are dependency benefits under the Workers' Compensation Act. See, 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II, 450G–S.

Since the widow settled claims against a third party which are cognizable under the Workers' Compensation Act, employer and compensation insurer are subrogated to her rights in the settlement. Our holding in *Naig v. Bloomington Sanitation, supra*, is therefore not authority for disallowing employer's credit against compensation liability in this case.[8]

3. Finally, *Milbank Mutual Ins. Co. v. Kluver, supra*, which denied a credit against uninsured-motorist insurance liability for the insured's dram shop settlement with a third party except to the extent necessary to prevent double recovery by the insured, was decided under the uninsured motorist statute[9] in furtherance of full compensation of accident victims, which was uniquely the purpose of that statute. That case has no application in the context of § 176.061, subd. 5. Upon this record, there is no way of knowing whether or not the settlement, together with compensation payments not subject to a credit, will fully compensate the widow for her loss of support. Under § 176.061, however, to the extent of compensation liability, the employer is subrogated to all of the widow's claims against the third party which are cognizable under worker's compensation without regard to whether the widow's recovery will fully compensate her losses.

For the foregoing reasons, and under the authority of our decision in *Modjeski v. Federal Bakery of Winona, Inc. supra*, we hold that employer-insurer is entitled under § 176.061, subd. 5, to deduct $14,941.56 of the dram shop settlement from its compensation liability, computed as by the compensation judge in accordance with the formula set forth in § 176.061, subd. 6. The decision of the court of appeals is reversed.

Reversed.

OTIS, J., took no part in the consideration or decision of this case.

---

7. See, footnote 4, *supra*.

8. We find *Naig v. Bloomington Sanitation*, Minn., 258 N.W.2d 891 (1977), inapplicable without reaching the question of whether employer had actual notice of negotiations leading to a settlement. We find the record presented inadequate to determine that issue, although we note that employer was a third-party defendant in the dram shop action and employer's attorney signed the stipulation for dismiss-

al of that action with prejudice following the settlement.

9. The uninsured motorist statute at issue in *Milbank Mutual Ins. Co. v. Kluver*, 302 Minn. 310, 225 N.W.2d 230 (1974), Minn.St.1974, § 65B.22, has since been repealed and replaced by Minnesota's No-Fault Automobile Insurance Act, Minn.St. 65B.41 et seq.