AETNA LIFE & CASUALTY, CASUALTY & SURETY DIVISION, Appellant,

v.

Edward Clifford ANDERSON,
Respondent.

No. 52078.

Supreme Court of Minnesota.

Sept. 18, 1981.

Liefschultz & Dunn, Minneapolis, for appellant.

Rider, Bennett, Egan & Arundel, Richard H. Krochock and William D. Foster, Minneapolis, for respondent.

OTIS, Justice.

Plaintiff Aetna Life & Casualty appeals and defendant Edward Anderson cross-appeals from an order of the district court dismissing plaintiff's cause of action to enforce its subrogation rights against defendant. We reverse and remand with instructions.

In September 1975, Thomas Anderson (hereinafter employee) was involved in a motor vehicle accident with defendant while within the course of his employment with Diebold, Inc. Plaintiff, insurer for Diebold, accepted workers' compensation liability for the injuries sustained by employee and began payment of benefits to him. An attorney was retained by employee to bring a third-party tort claim against defendant. Employee and his attorney were notified of plaintiff's subrogation claim, and employee's attorney agreed to represent plaintiff's interest.

Defendant's insurer, Great Central, acknowledged plaintiff's subrogation interest, which amounted to $13,391.20, from April 1976 through November 1977. On December 12, 1977, defendant's insurer reported to plaintiff that employee had settled his claim with them for $3,000.00. Plaintiff immediately discharged employee's attorney, and had its own attorney commence an action against defendant for plaintiff's full subrogation claim.

Prior to settlement of the third-party claim with defendant, employee's counsel had filed an objection to plaintiff's failure to continue disability benefits to employee.

Following the settlement, employee had a disc surgically removed. Employee continued to seek compensation benefits. Plaintiff assigned the handling of this worker's compensation matter to another attorney.

A stipulation and award in the workers' compensation matter was prepared by plaintiff's attorney and employee's counsel and agreed to by plaintiff and employee. According to the stipulation, plaintiff was to pay an amount which would compensate employee in full for temporary total disability up to date of stipulation and for permanent partial disability. Employee was entitled to file a claim for future medical expenses. Plaintiff was to receive a credit of $2,000.00 out of the third-party recovery of $3,000.00. There was, however, no express reservation of the right to proceed against defendant in the stipulation.

Defendant, learning of this worker's compensation benefit stipulation, moved the trial court for summary judgment. He argued that plaintiff failed to preserve his right of subrogation in the stipulation with employee and asserted that plaintiff had exhausted his subrogation right pursuant to Minn.Stat. § 176.061, subd. 5 (1980). The trial court denied this motion, indicating that plaintiff would not necessarily be precluded from recovery for subrogation for liability acquired after the completion of the workers' compensation stipulation.

Defendant then moved for a clarifying order and a partial summary judgment denying plaintiff any claim against defendant for liability which accrued prior to the workers' compensation stipulation. The trial court granted the partial summary judgment in favor of defendant and dismissed plaintiff's cause of action because it related only to payments made to employee pursuant to the stipulation and award.

The issues presented by this appeal and cross-appeal are: Did the acceptance of a credit by plaintiff compensation insurer preclude it from seeking the remainder of its subrogation claim by an action against third party tortfeasor if employee settled without plaintiff's consent? Did plaintiff give employee's attorney authority to settle the claim with defendant for $2,000 when defendant's total liability was in excess of $25,000?[1]

If an action is brought against a third-party tortfeasor by an injured employee, the employer may "deduct [i. e. credit] from the compensation payable by him the amount actually received by the employee." Minn.Stat. § 176.061, subd. 5 (1978). Section 176.061, subdivision 5, also provides:

If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of the compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages.

The trial court implied that the two sections quoted above are mutually exclusive, i. e., that plaintiff cannot take a deduction from the employee's settlement *and* maintain an action against the tortfeasor. It also concluded that there was nothing in subdivision 5 suggesting that plaintiff may bring an action against the third-party tortfeasor.

Plaintiff contends, however, that the taking of the $2,000 credit cannot be construed as destroying defendant's total liability of $25,000. It claims that, according to our decisions in *Lang v. Williams Bros Boiler & Manufacturing Co.*, 250 Minn. 521, 85 N.W.2d 412 (1957) and *Paine v. Water Works Supply Co.*, 269 N.W.2d 725 (Minn. 1978), its workers' compensation stipulation with employer had no effect on its subrogation rights against the defendant, when em-

<hr>

1. This amount is the sum of $13,391.20 plus amounts paid pursuant to the compensation settlement.

ployee settled without plaintiff's consent. This court held in *Lang* while an employee may settle an action with the third party without the consent of the employer or the employer's compensation insurance carrier, such settlement does not affect the rights of the employer to proceed against the third party the same as if such settlement had not been made. 250 Minn. at 529, 85 N.W.2d at 419. *Accord, Henning v. Wineman*, 306 N.W.2d 550, 553 (Minn.1981). This rule was based on the policy that the employer, having been given a right of indemnification for compensation paid, should not have his rights affected by a settlement to which he is not a party. Also, it was observed in *Lang* that since the third party has constructive statutory notice of the employer's subrogation interest, he should not be able to evade his liability to the employer as subrogee by a settlement with the employee. 250 Minn. at 529, 85 N.W.2d at 418.

Alleging that it had not been notified of the settlement between employee and third party tortfeasor, the employer's compensation insurer in *Paine* petitioned to credit a portion of a dramshop settlement obtained by employee's widow against the employer's compensation liability. Although the record was too inadequate to indicate whether the employer had actual notice, this court decided that the insurer was entitled to credit a portion of the settlement of the third-party action.

> In addition, we noted in *Paine* that: Where the employee or his dependent maintains an action against a third-party tortfeasor upon claims to which the employer is subrogated and settled such action without notifying the employer, we have recognized that the employer is entitled to credit a portion of the settlement proceeds against its compensation liability, *and to the extent the employer's subrogation claim exceeds the credit against compensation payments created by the settlement, its rights under subd. 5 to*

maintain *an independent action against the third party are not cut off by the settlement. Modjeski v. Federal Bakery of Winona, Inc.*, 307 Minn. 432, 240 N.W.2d 542 (1976) (credit against compensation liability created by settlement of wrongful death action against third party); *Lang v. William Bros Boiler & Mfg. Co.*, 250 Minn. 521, 85 N.W.2d 412 (1957) (reimbursement for compensation payments out of the employee's settlement with third-party tortfeasor, recognizing the employer's right to continue subrogation action against the third party). (emphasis added).

*Id.* at 729. It was thus our determination that if the employer's insurer was not notified of the settlement negotiations, it would not be precluded from maintaining an independent action upon subrogated claims which exceed those compensated in the settlement. *Id.* at 730, n.6.

It is defendant's position that *Lang* and *Paine* are not controlling since the failure of plaintiff to reserve its subrogation rights in the workers' compensation stipulation precludes recovery for existing and future claims. He asserts, through his cross-appeal, that not only was the trial court correct in dismissing the claim for subrogation arising from payments made *prior* to the award, but that it should have also held that plaintiff has no right to subrogation for payments made *after* the date of the award. He contends, citing *Stephenson v. Martin*, 259 N.W.2d 467 (Minn.1977), that the absence of a reservation of a right of subrogation is a waiver of the right.

Defendant is attempting by means of this cross-appeal to interject the same issue that he raised in his first motion for summary judgment which was denied by the trial court.[2] As the court stated, the "existence of fact disputes concerning whether plaintiff waived his right to recovery for expense incurred by it in connection with the employee's claims arising after the date of

---

**2.** Defendant's cross-appeal, which was commenced by the filing of a notice of review, is procedurally imperfect. Defendant's notice indicates that he is seeking review of the first

order of the district court which denied him summary judgment, rather than the order granting summary judgment from which this appeal was taken.

the award on the stipulation is clearly indicated and prevents any judgment as a matter of law.

Further, plaintiff's reliance on *Stephenson* is misplaced since that case is factually distinguished from the case at bar. The workers' compensation stipulation in *Stephenson* was entered into before the third party settlement without any indication by the insurer that a credit would be taken. Consequently, when the insurer subsequently attempted to seek a credit, the court concluded that the insurer had waived his right to seek a credit.

In the instant case, the stipulation with employee expressly reserved a credit, and plaintiff is not attempting to seek from employee a greater share of the settlement award. In addition, the stipulation was entered into *after* the third-party settlement had been made. Following the settlement, plaintiff had little choice but to protect itself by a payment on its workers' compensation liability.

We conclude, therefore, in accordance with our decision in *Lang* and *Paine*, that employer's compensation insurer may take a credit and, in addition, bring an action against the third party if it was not notified of the settlement. If it could be determined that plaintiff did not consent to the settlement in this case, plaintiff would be entitled to deduct from its workers' compensation liability a portion of the settlement and would further be able to seek from defendant the excess over the credit up to the amount of liability. Plaintiff could also maintain an action for payments that become payable in the future. However, if plaintiff did consent to the settlement, it would be precluded from seeking the excess liability over the amount of the credit in an action against defendant.

■ The question which must then be determined is whether the employee's settlement with defendant was made with plaintiff's approval. We acknowledge that an attorney has no authority, in the absence of an emergency, to settle and compromise a cause of action without the knowledge or consent of his client. *Burner Service &*

*Combustion Controls, Inc. v. City of Minneapolis*, 312 Minn. 104, 250 N.W.2d 224 (1977); *Albert v. Edgewater Beach Building Corp.*, 218 Minn. 20, 15 N.W.2d 460 (1944). Thus, notwithstanding the fact that plaintiff retained the employee's attorney to represent it, attorney could not compromise its claim without its consent.

The record in this case is unclear as to whether plaintiff consented to the settlement of its subrogation claim. The only evidence presented thus far indicates that the employee's attorney was instructed to represent plaintiff's interest and that he apparently failed to do so. While the employee's attorney negotiated the settlement, the release itself was not executed by plaintiff and contains only the signatures of employee, employer's wife and defendant. Further, it is questionable whether an insurer would agree to settle a claim in excess of $25,000 for the sum of $2,000.

■ Defendant asserts that even if plaintiff did not have knowledge of the settlement, plaintiff subsequently ratified it by taking a credit. We are not persuaded that the taking of a credit subsequent to a settlement constitutes a "ratification." In *Modjeski v. Federal Bakery of Winona, Inc.*, 307 Minn. 432, 240 N.W.2d 542 (1976), a credit was allowed after the settlement because the employer was not a party to the settlement. The taking of the credit did not transform the employer into a party to the settlement. Further, in *Paine*, this court permitted a credit to be taken without reaching the question of whether employee had notice. Thus, the fact that a credit was taken after the settlement does not create a ratification.

■ Since there are no facts in this case indicating that employee's attorney settled with the knowledge and consent of the employer, the trial court erred in entering partial summary in favor of defendant. Plaintiff is entitled, in the absence of explicit consent, to litigate the merits of the third party action.

We make no determination as to the merits of such an action in the absence of a

record explaining the circumstances surrounding the settlement. Accordingly, we remand this matter to the trial court for consideration of whether employee settled with defendant without the knowledge and consent of plaintiff, in which case plaintiff would not be precluded from bringing an action against defendant. If it is determined that plaintiff did not have notice of the settlement, partial summary judgment should be vacated and a trial on the merits commenced.

Reversed and remanded with instructions.