**Rollo E. JACKSON, et al., Petitioners, Appellants,**

v.

**ZURICH AMERICAN INSURANCE COMPANY, Respondent.**

**No. C9–94–2050.**

Court of Appeals of Minnesota.

March 14, 1995.

Review Granted April 27, 1995.

William D. Foster, Kristi J. Paulson, Wm. D. Foster & Associates, Minneapolis, for appellants.

James R. Waldhauser, Michael D. Barrett, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., KALITOWSKI and SHORT, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Rollo Jackson contends the district court erred when it concluded that his employer's workers' compensation insurer could not be required to sign a settlement agreement and release, which had been negotiated and agreed to by Jackson and the third-party tortfeasor.

### FACTS

On September 1, 1992, while in the course and scope of his employment with Howe Scale, Jackson was seriously injured when he fell into a large hole at Cottonwood Co-op Oil Company (Cottonwood). Jackson elected to receive workers' compensation, which was provided by respondent, Zurich American Insurance Company, Howe Scale's workers' compensation carrier.

Jackson, through counsel, instigated settlement negotiations with Cottonwood's insurer. Cottonwood's insurer refused to enter into a *Naig* settlement whereby only non-workers' compensation claims would be settled. *See Naig v. Bloomington Sanitation*, 258 N.W.2d 891, 894–95 (Minn.1977). Instead, the insurer offered to pay Jackson $200,000 to settle all claims against Cottonwood, including workers' compensation claims. Jackson notified respondent of the outstanding offer but respondent declined to negotiate or enter into the settlement.

Despite respondent's lack of consent, Jackson agreed to the settlement offer. Cottonwood's insurer then sent respondent a $200,000 draft made out to both respondent and Jackson, along with a release. Respondent refused to sign the draft or the release, asserting that its workers' compensation claims could not be settled by Jackson without its consent, and that it could not be forced to release its claims against Cottonwood.

Jackson petitioned for, and received, an ex parte writ of mandamus requiring respondent to execute the settlement documents. The district court subsequently granted respondent's motion to dismiss the petition and vacate the writ and this appeal followed.

### ISSUE

Can an injured employee settle and release all claims with a third-party tortfeasor, including subrogated workers' compensation claims, without the consent of the workers' compensation insurer?

### ANALYSIS

Determining the respective rights of an injured employee and a workers' compensation insurer is an issue of law. A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

When an injured employee receives workers' compensation benefits from his em-

ployer's workers' compensation insurer, the employer[1] is subrogated to the rights of the employee or has a right of indemnity against a third party. Minn.Stat. § 176.061, subd. 5(a) (1992). The employee is free to negotiate with a third-party tortfeasor, without the employer's consent, and settle for damages not recoverable under workers' compensation, as long the employer is given notice of the negotiations. *Naig*, 258 N.W.2d at 894.

■ Jackson argues that an employee is also free to negotiate and settle with the third party for damages that are recoverable under workers' compensation, as long as notice is given to the insurer. Respondent argues that the insurer must consent to such a settlement.

Minn.Stat. § 176.061, subd. 5 provides that an employee can undertake legal proceedings against a third party "to recover damages." The statute does not limit such actions to personal, non-workers' compensation damages. Further, subdivision 5(a) provides that if an employee settles with a third party, the employer can deduct from benefits payable the amount of compensation damages received, which implies the settlement included compensation damages. The statute does not require an employee to secure approval from the employer for settlements that include compensation damages, and case law demonstrates that such settlements do occur.

In *Lang v. William Bros. Boiler & Mfg. Co.*, an injured employee, without the knowledge or consent of the insurer, settled with a third-party tortfeasor. 250 Minn. 521, 531, 85 N.W.2d 412, 419 (1957). The settlement expressly included compensation damages. *Id.* at 524, 85 N.W.2d at 415. The supreme court explicitly held that such settlements were permitted. *Id.* at 531, 85 N.W.2d at 419. The supreme court reiterated this position in *Naig* when it held that an employee can settle with a third party and allocate a portion to compensation damages, adding only that the employer must be given notice of the negotiations. *Naig*, 258 N.W.2d at 894. Consent from the employer was not included as an additional requirement. *Id.*

*See also Aetna Life & Casualty v. Anderson*, 310 N.W.2d 91, 95 (Minn.1981) (employee's settlement with third party valid even though it included compensation damages and insurer may not have consented).

■ As indicated by case law, the existence or absence of an employer's consent to a settlement between an employee and a third party does not affect the legitimacy of the settlement. The employee is free to negotiate the amount and type of damages. The existence or absence of an employer's consent, however, does affect the employer's rights as against the third party. If the employer consents to the settlement between the employee and the third party, the employer is foreclosed from pursuing a separate claim against the third party. *Aetna*, 310 N.W.2d at 95.

Jackson argues that even if an employer does not consent to a settlement, the employee can agree to a general release of all compensation claims and force the employer to sign the release, thereby foreclosing any actions by the employer against the third party, just as if the employer had consented to the settlement. We disagree.

Acknowledging such a right in the employee would interfere with the insurer's rights under the Workers' Compensation Act. The insurer paid compensation benefits to the employee to cover damages caused by the third-party tortfeasor. The insurer has the right to be indemnified by the third party. Minn.Stat. § 176.061, subd. 5. Any settlement by the employee and third party cannot affect that right. *Id.*, subd. 8a; *Lang*, 250 Minn. at 531, 85 N.W.2d at 419; *see Aetna* 310 N.W.2d at 95 (if employee settled with third party without insurer's consent, insurer was not prohibited from recouping all benefits paid, out of both the settlement proceeds and via a direct action against the third party).

■ Underlying this rule is the principle that

the employer, having been given a right of indemnification for compensation paid, should not have such right affected by a settlement to which he is not a party.

---

1. Although section 176.061 speaks of the employer's subrogation interest, the employer's workers' compensation insurer is the real party in interest.

Because the employer's and insurer's interests are the same in this case, the terms employer and insurer are used interchangeably.

*Lang,* 250 Minn. at 528, 85 N.W.2d at 417. An employee who recovers workers' compensation damages in a settlement merely acts as a trustee on behalf of the subrogated insurer. *Liberty Mutual Ins. Co. v. Nutting Truck & Caster Co.,* 295 Minn. 211, 215, 203 N.W.2d 542, 544 (1973). Therefore, an employee cannot determine the amount of workers' compensation damages when those damages belong, not to him, but to the insurer who paid the workers' compensation benefits.

## DECISION

While an employee can negotiate with a third party for damages that include those compensable under the Workers' Compensation Act, the employee cannot force the compensation insurer to agree to the settlement terms and to release all claims the insurer may have against the third party, even if the employee gave the insurer notice of the negotiations. Therefore, the district court properly dismissed Jackson's petition and vacated the writ of mandamus.

**Affirmed.**