# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 97-1966

———————

Ali Haghighi, doing business as    *
International Radio Network,    *
   *
       Appellee,    *    Appeal from the United States
   *    District Court for the District
     v.    *    of Minnesota.
   *
Russian-American Broadcasting Co.,    *
   *
       Appellant.    *

———————

Submitted:  March 8, 1999
Filed:  April 7, 1999

———————

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

———————

FAGG, Circuit Judge.

Russian-American Broadcasting Co. (RABC), a provider of ethnic programming, entered into a contract with the International Radio Network (IRN), a Minnesota distributor of radio programming to subscribers, allowing IRN to rebroadcast RABC's Russian language radio programs. Believing RABC had wrongfully attempted to provide programming directly to IRN's radio subscribers, IRN later brought this diversity action against RABC. RABC denied it had breached the contract and filed a counterclaim seeking recovery of overdue payments IRN allegedly owed.

The parties decided to mediate their dispute, and after choosing a mediator, they signed a mediation agreement that said:

> The parties . . . acknowledge and agree to be bound by the following ground rules: . . . Minnesota Civil Mediation Act [Minn. Stat. § 572.31-.40]. Pursuant to the requirements of the Minnesota Civil Mediation Act, the mediator hereby advises the parties that: . . . (d) a written mediated settlement agreement is not binding unless it contains a provision that it is binding.

After negotiating that day, the parties signed a handwritten settlement agreement that did not state it was binding, as both the mediation agreement and the Act required. See Minn. Stat. § 572. 35 subd. 1 (a mediated settlement agreement is not binding unless it states it is binding). Nevertheless, the parties acted as if they were bound by the handwritten document, even though they negotiated alternative settlement proposals for several months.

When the additional negotiations were unsuccessful, IRN filed a summary judgment motion to enforce the handwritten document. Following an evidentiary hearing, see Sheng v. Starkey Labs., Inc., 53 F.3d 192, 194-95 (8th Cir. 1995), the district court concluded in a March 1997 order that IRN had carried its burden of proving the handwritten document is a binding and enforceable settlement agreement. Referring to its conclusion in a prehearing order issued in November 1996, the court said neither the Act nor the mediation agreement precluded the settlement agreement's enforcement. In the earlier order, the court recognized that § 572.35 subd. 1 appears to preclude enforcement, but the court did not believe the Minnesota legislature intended that result in mediations in which "both parties are represented by counsel and are fully aware of the binding effect of a settlement agreement." The court thus granted IRN's motion to enforce the handwritten document.

RABC appealed and asked the district court to stay enforcement of its order pending appeal. IRN opposed the motion, arguing the district court's order was not

a final order. The district court granted a stay, stating, "[T]he issue of whether [the Act] bars enforcement of the handwritten document is a controlling question of law as to which there is substantial ground for difference of opinion. . . . This lawsuit will turn on the Eighth Circuit's interpretation of . . . § 572.31." The district court concluded that judicial economy would be furthered by an interlocutory appeal even if its order was not a final one.

RABC then designated a single issue for appeal: whether the Act bars enforcement of the handwritten document as a binding settlement agreement. IRN filed a motion seeking to certify a question of law to the Minnesota Supreme Court. In blocked-off text on the first page of its memorandum in support of its motion, IRN set out the question this way:

> Whether a settlement agreement that was prepared by the parties' attorneys after the conclusion of a mediation session is rendered unenforceable by virtue of . . . Minn. Stat. § 572.31, subd. 1, even though the parties fully intended to be bound by the agreement.

Embedded in the general text of the same document, IRN said, "The issue to be determined is whether the statute applies to the facts of this case, as well as whether its provisions have been waived." We later certified the following question to the Minnesota Supreme Court:

> Whether a handwritten document prepared by the parties' attorneys at the conclusion of a mediation session conducted pursuant to the . . . Act and signed contemporaneously on each page by the respective parties attending the mediation session but which does not itself provide that the document is to be a binding agreement, is rendered unenforceable as a mediated settlement agreement by virtue of Minn. Stat. § 572.35, subd. 1?

The Minnesota Supreme Court concluded the statute's plain language rendered the handwritten document unenforceable, even if that result was unintended. <u>See</u>

Haghighi v. Russian-American Broadcasting Co., 577 N.W.2d 927, 930 (Minn. 1998).  The court said:

> The plain language of the Minnesota Civil Mediation Act requires that a mediated settlement agreement prepared at the conclusion of a mediation session conducted under this Act contain a provision stating that the settlement agreement is binding.  Because the handwritten document does not contain such a provision, it is . . . unenforceable.

Id.

RABC now contends the district court's ruling that the document is enforceable must be reversed because the ruling is contrary to the Minnesota Supreme Court's response to our certified question.  IRN responds that the question we certified was too narrow to dispose of all the issues in this appeal.  IRN argues the Act does not apply at all because the mediation agreement did not provide for termination of mediation on written notice, one element of an agreement to mediate as defined by the Act.  See Minn. Stat. § 572.33 subd. 3.  The record shows, however, that both parties signed the mediation agreement, in which they agreed to be bound by the Act and its requirement that "a written mediated settlement agreement is not binding unless it contains a provision that it is binding."  Further, in certifying the issue to the Minnesota Supreme Court, we concluded the "mediation session [was] conducted pursuant to the . . . Act."  IRN also contends the Act is inapplicable because the handwritten document was prepared after the mediation terminated.  We disagree. The handwritten document was drafted and signed immediately after negotiations, when the mediator concluded the parties had reached an agreement and brought them together.  We thus reject IRN's attack on the Act's applicability.

IRN next argues that if the Act applies, the language in the handwritten document satisfies the Act's requirement that the document indicate it is binding because the document states it is a "Full and Final Mutual Release of All Claims." IRN also says we should reform the settlement agreement.  IRN did not raise these

issues in the district court, however, so we decline to consider them.  See Browning v. President Riverboat Casino-Missouri, Inc., 139 F.3d 631, 637 (8th Cir. 1998).

IRN last asserts RABC waived the Act's requirement that an enforceable settlement agreement state it is binding, because RABC failed to include this language in later settlement documents that it drafted and proposed.  IRN contends the district court made this alternative ruling in its November 1996 order.  Again, we disagree.  Although the district court made the statement about waiver in the prehearing November order, the district court did not mention waiver in its posthearing order issued in May 1997, and the district court's later statements about certification make clear that the court believed the entire case turned on interpretation of the Act.  The district court's statement about waiver in the prehearing November order is simply dicta.  After the evidentiary hearing, the district court made no factual finding that RABC had waived its statutory protection.  Waiver requires evidence of a voluntary and intentional relinquishment or abandonment of a known right, see Montgomery Ward & Co. v. County of Hennepin, 450 N.W.2d 299, 304 (Minn. 1990), and there is no evidence that RABC intentionally waived its right to have the Act enforced.  Besides, a statutory right cannot be waived if waiver would violate public policy.  See Stephenson v. Martin, 259 N.W.2d 467, 470 (Minn. 1977) (per curiam).  Here, the Act is "likely . . . intended . . . to encourage parties to participate fully in a mediation session without the concern that anything written down could later be used against them."  Haghighi, 577 N.W.2d at 930.  This intent would be frustrated if settlement documents that do not state they are binding can be enforced against the parties.

In sum, in response to our certified question, the Minnesota Supreme Court has decided the Act precludes enforcement of the handwritten settlement document, and we are bound by that decision, see Burlington Northern R.R. Co. v. Kmezich, 48 F.3d 1047, 1049 (8th Cir. 1995).  There is no waiver.  We thus reverse and remand for appropriate proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.